**COATES v. LAWRENCE, Superintendent and Warden of Georgia State Prison.**

No. 10418.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1942.

Writ of Certiorari Denied Feb. 1, 1943.

See 63 S.Ct. 532, 87 L.Ed. ——.

James R. Venable and Paul Crutchfield, both of Atlanta, Ga., for appellant.

Ellis Arnall, of Atlanta, Ga., and Charles W. Walker, of Macon, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal by Charles Coates from a judgment discharging a writ of habeas corpus and remanding him to the custody of the warden of the Georgia State Prison. The question for decision is whether Coates' constitutional rights, privileges, and immunities were violated upon his trial in the Superior Court of Catoosa County, Georgia, for the crime of murder.

The facts of record from which the issues arise are these: When his case was called for trial the accused had not employed counsel, and the court appointed two attorneys of high standing and wide experience to represent him. These attorneys were given ample opportunity to advise with their client and to prepare his defense, but Coates refused to confide in them on the ground that he had been "double-crossed" theretofore by lawyers whom he did not know. When the case went to trial one of the appointed attorneys was unable to be present, but the father of the remaining counsel, a qualified attorney, assisted his son throughout the trial, and was present at every stage of the proceedings, although his son was not present when the verdict was returned and sentence imposed.

During the course of the trial the presiding judge was advised that one of the jurors was strongly prejudiced due to an animosity he bore against the decedent for whose homicide Coates was being tried. Thereupon this juror was excused in the presence of the defendant and his attorney, without objection, and the trial proceeded before the remaining eleven jurors. The Georgia authorities were aware that, on the occasion of a previous arrest of Coates, an organized group of his confederates made an attempt to free him from custody. For

this reason Coates' movements while in custody were cloaked in secrecy, devious routes were used, and a large group of highway patrolmen were present throughout the trial.

Coates contends that he was denied due process of law and the right to a trial by jury, in that he was not afforded counsel, in the constitutional sense, for his defense, and in that he was not tried by a panel of twelve jurors. These contentions were made in the court below, and were exhaustively considered and disposed of in a very able opinion that, in our judgment, correctly states the law of the case. It would serve no useful purpose for us to reiterate what was there said. For the reasons therein stated, the judgment appealed from is

Affirmed.