## McJORDAN v. HUFF.
### No. 8361.

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1943.

Decided Feb. 1, 1943.

Mr. Neil Burkinshaw, of Washington, D. C. (appointed by this court), for appellant.

Mr. Charles B. Murray, Asst. U. S. Atty., of Washington, D. C., with whom Mr. Edward M. Curran, U. S. Atty., of Washington, D. C., was on the brief, for appellee.

Mr. John P. Burke, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

GRONER, C. J.

This is an appeal from a final order discharging a writ of habeas corpus, and remanding the petitioner to the custody of the jailer. Appellant (petitioner) was arrested and indicted for housebreaking in the latter part of 1941. On November 24th of that year he was arraigned and pleaded guilty. On December 5th, following, he was sentenced to be confined in the penitentiary for a period of sixteen months to four years. In July, 1942, he filed in the District Court a petition, alleging that upon his arraignment he had pleaded guilty and was informed by the court that he was entitled to counsel, that he requested that counsel be assigned, but that "petitioner never did see counsel during the entire procedure of his case." The Superintendent of the prison answered, denying petitioner's allegations and stating affirmatively that the court had provided counsel and that counsel had consulted with appellant and advised him concerning his case. Judge Morris, who heard the case, made findings of fact to the effect that on November 24th, the day of the arraignment, the court had appointed Maurice A. Guervitz, Esq., a member of the Bar of the District of Columbia, to represent appellant and that Guervitz did consult with petitioner and did advise him in relation to his case. On the basis of these findings he concluded as a matter of law that appellant's constitutional rights had not been violated.

The evidence taken below shows that when appellant was arrested he made a written confession to the police; that upon his subsequent arraignment in the District Court upon the indictment, he pleaded guilty; that he was reasonably familiar with court procedure and knew of his right to demand the assignment of counsel to defend him, but asked for no such assignment; that the Judge thereupon, on the same day, referred his case to one of the Probation Commissioners for investigation and report and appointed attorney Guervitz to represent him. The latter immediately obtained a copy of the indictment and inter-

viewed appellant while he was still in the court building, advising him that he had been appointed by the court as his attorney; that he knew of his plea of guilty and the reference of his case to the probation department, but that he would like to talk to him to be sure that he was pleading exactly as he should; and that if the facts in his case did not justify his pleading guilty, he would at once ask to have the plea changed. Appellant replied that he was guilty, and described his part in the housebreaking and larceny which the indictment charged. As a result counsel concluded that it was inadvisable to apply to the court to have the plea of guilty set aside. Some ten days later appellant was brought into court and sentenced, at which proceeding his attorney was present.

The argument on this appeal is that the appointment of counsel after the plea of guilty was not a sufficient compliance with the rules laid down by the Supreme Court and this Court for the protection of the constitutional rights of an indigent defendant charged with a felony. We are of opinion that, in the circumstances, the point is not well taken. We have recently had occasion in two cases [1] to discuss the rule which should guide the action of the District Court in cases of this nature. In both we said the rule is that the District Court must, on arraignment, advise accused of his right to counsel and of his right, if he is indigent, to have counsel appointed for him.

In this case, as it now appears, the court appointed counsel for appellant immediately after but not before the arraignment. Obviously, this was not in strict accordance with the practice which, we subsequently said in Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A.L.R. 1318, should be followed, and to which we now adhere. However, in view of the facts we have shown here, we think this action of the court will not justify our reversing the order dismissing the writ. Arraignment, while not a perfunctory proceeding, is in actual practice as conducted in the District Court, primarily to facilitate the fixing of the docket; and it goes without saying that a plea of guilty at that time can be and often is changed, on proper motion, as a matter of course. If this were not true, the conclusion we reach in this case would be different. And the fact that the plea was subject to change, we have no doubt, was in the Judge's mind when immediately after the arraignment and plea he designated counsel to represent appellant, and that this was also clearly understood by counsel appears from the fact that he immediately advised appellant that the former plea could be withdrawn and a plea of not guilty entered in its place. For on the hearing on the writ counsel stated that he informed appellant that if there were any grounds upon which he could hope to go successfully to trial, a trial could he had on a new plea of not guilty. But appellant, conscious of the facts that he had made a full confession both to the police and to the Probation Officer, and that his chances for probation outweighed his chances on a trial of his guilt or innocence, elected, with the advice of counsel, to stand by what he had done. We think, considered in this view, that appellant's attitude was the exercise of an intelligent, informed judgment, made after conference with counsel, which expressed his belief that he could not successfully defend the charge and that his condition would be bettered rather than worsened by a plea of guilty. Cf. Adams v. U.S., 63 S.Ct. 236, 87 L.Ed. ——. In all the circumstances, the action of the court in appointing counsel after the arraignment, but before sentence, cannot be said to have prejudiced appellant or infringed his constitutional rights.

Affirmed.

EDGERTON, Associate Justice (dissenting).

Appellant was entitled to counsel at his preliminary hearing, and again when he was arraigned on his indictment.[2] He had none. It is undisputed that he had no counsel until after he had pleaded guilty. The question is whether he waived his right. He did not waive it unless he knew of it and intelligently chose not to enforce it. " 'Courts indulge every reasonable presumption against waiver.' "[3] It has been strongly intimated that the court must in-

---

[1] Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633; Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 141 A. L.R. 1318.

[2] Wood v. United States, 75 U.S.App. D.C. 274, 128 F.2d 265, 141 A.L.R. 1318; Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633.

[3] Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.

form the accused of his right and ascertain his attitude.[4]

There is no finding or evidence that appellant chose, intelligently or otherwise, not to enforce his right to counsel. There is no finding that he knew he had such a right. He knew that, despite his plea of guilty, he could have counsel before conviction and sentence, but there is no clear evidence that he knew he could have counsel before plea.[5] If he knew it he knew what was widely unknown in this jurisdiction until later, when the Evans and Wood cases were decided.

Counsel appointed after arraignment may have been less inclined to substitute a not guilty plea for a guilty plea already entered than he would have been to plead not guilty had he been in the case from the start; especially since appellant had pleaded guilty on preliminary hearing as well as on arraignment, and it was widely thought that a plea of guilty on preliminary hearing was competent evidence against the accused on his trial.[6] But we cannot know and need not guess whether appellant was injured by having no counsel in the early stages of his prosecution. "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial."[7] "Compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty."[8]

[4] Glasser v. United States, 315 U.S. 60, 71, 62 S.Ct. 457, 86 L.Ed. 680; Wood v. United States, 75 U.S.App.D.C. 274, 128 F.2d 265, 277, 141 A.L.R. 1318.

[5] "Q. Did he tell you that even though you had pled guilty that you could change your plea to not guilty if you did not do it? A. He did not. * * * Q. Did you know that you could have counsel if you wanted one? A. I did."

[6] United States v. Adelman, 2 Cir., 107 F.2d 497; Cooper v. United States, 6 Cir., 5 F.2d 824; 2 Wharton, Criminal Evidence, 11th Ed., §§ 586, 587; 28 Iowa L.Rev. 136, 138. The Wood case to the contrary was decided later.

[7] Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680; Evans v. Rives, 75 U.S.App.D.C. 242, 126 F.2d 633, 640.

[8] Johnson v. Zerbst, 304 U.S. 458, 467, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461.