**BAYLESS v. JOHNSTON, Warden.**
No. 23716.

District Court, N. D. California, S. D.

Feb. 9, 1943.

Joseph L. Sweeney, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner seeks release from Alcatraz prison upon habeas corpus, claiming that

the judgment upon which commitment was issued is void, because he was deprived of assistance of counsel for his defense in violation of the Sixth Amendment of the Constitution of the United States.

Two indictments were returned against petitioner in the United States District Court for the Western District of Missouri charging him with bank robbery using deadly weapons, and transportation in interstate commerce of a stolen automobile. 12 U.S.C.A. § 588b and 18 U.S.C.A. § 408. He pleaded guilty to both indictments and was sentenced to twenty-five years imprisonment.

Petitioner alleges "that at the time of his said arraignment he did not know that it was his right to have the benefit of the assistance of counsel by an appointment made by the trial court, that he was not advised that counsel would be appointed if it was his desire to have the assistance of counsel to represent his case and to prepare his defense. That petitioner did not waive in any manner whatsoever his right to have the assistance of counsel."

The Government contends that petitioner intelligently waived his right to counsel, and asks that the petition be denied. Prior to the preliminary hearing before the United States Commissioner petitioner was asked by an attorney who appeared for the wife of a codefendant if he desired counsel, and petitioner replied he did not; thereafter in the United States District Court, before plea and sentence, the Assistant United States Attorney, and the same attorney that appeared for the codefendant's wife, again asked petitioner if he desired counsel, to which he again replied that he did not. The colloquies were without the hearing of the trial judge.

At no time was petitioner represented by counsel. When he appeared in court he was not asked by the trial judge if he was represented by counsel, or if he desired counsel; nor was he informed by the trial judge that if he desired counsel and was unable to provide counsel for himself, the court would appoint counsel for him.

At the hearing in this court upon the return to the writ, petitioner was present and was examined, as was also the Assistant United States Attorney who prosecuted the case in the Western District of Missouri.

The Assistant United States Attorney testified in part, as follows:

"Q. At the time of Mr. Bayless' arraignment, Mr. Schmid, was he asked by the Court, do you recall, whether he had an attorney representing him? A. As I stated awhile ago, Mr. Sweeney, I do not remember that that matter was mentioned by the Court at all.

"Q. Did the Court advise him that he had a right to have an attorney? A. I said I do not believe that the matter was mentioned at all. * * *

"Q. Just one other thing. Was anything said, to your recollection, by the Court itself with relation to counsel?

"The Court: With relation to what?

"Mr. Zirpoli: With reference to representation by counsel.

"The Court: Q. What was said by the Court? A. Nothing, your Honor, that I recall. I do not remember that the matter was mentioned at the time of the arraignment. * * *

"The Court: Q. As I understand it, then, after the arraignment nothing was said and the defendant pleaded guilty, is that right? * * * A. That is right. * * * *"

Upon the question of waiver of counsel, it is said in Johnson v. Zerbst, 304 U.S. 458, 464, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461: "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. * * * The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

760

■ Upon the facts adduced at the hearing before me I am bound to hold, upon the authority of Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, Johnson v. Zerbst, supra, and Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, that petitioner did not intelligently waive his right to counsel. If the "requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus." Johnson v. Zerbst, supra, 304 U.S. at page 468, 58 S.Ct. at page 1024, 82 L.Ed. 1461.

■ In conformity with the rule mentioned in Re Bonner, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149, the discharge of the petitioner will be delayed and he will be remanded to the United States District Court for the Western District of Missouri for further proceedings upon the indictments against him.