**WILFONG v. JOHNSTON, Warden.**

No. 11253.

Circuit Court of Appeals, Ninth Circuit.

June 27, 1946.

Morris M. Grupp, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

This is an appeal by George Marion Wilfong, hereafter referred to as petitioner, from a judgment dismissing a writ of habeas corpus.

Petitioner was convicted in 1938 in the United States District Court for the Western District of Michigan. We shall hereafter refer to the District Court of Michigan as the trial court. The crime for which petitioner was convicted was bank robbery. He was sentenced to imprisonment for twenty-five years. Now confined under that sentence in the United States penitentiary on Alcatraz Island, California, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California, to which we will hereafter refer as the District Court.

Petitioner was arrested in California in connection with the bank robbery, waived removal proceedings, and was taken to Grand Rapids, Michigan. He alleges in his petition that immediately upon arrival in Grand Rapids, Michigan, he was taken before the trial court for arraignment. He further contends that he was not represented by counsel at the arraignment, that the indictment was not read to him; that he was not informed of the nature-of the charge against him; that the United States attorney entered a plea of not guilty for him, and that following his arraignment he was removed from the Western District of Michigan and confined in a penitentiary at Milan, in the Eastern District of Michigan, and that he was returned for trial to Grand Rapids in the Western District without further writ or removal order. During the time petitioner was confined in the penitentiary at Milan, one Salowich was retained to represent him as counsel. Said Salowich conferred with petitioner on at least two occasions prior to trial. At the trial petitioner was represented by said Salowich and by one Dunn who was engaged in the practice of law at Grand Rapids. Mr. Dunn was selected by Mr. Salowich to assist in the trial because of his familiarity with and competency in the trial of criminal cases. The petitioner further alleges misconduct on the part of representatives of the Federal Bureau of Investigation in that during one of the recesses had during the trial (the trial Judge having requested that all remain in their seats in the court room during the recess) said agents brought two women into the court room and in full view and hearing of the jury had the women identify petitioner. The said women were not called as witnesses at the trial.

The jury returned a verdict on May 10, 1938, finding petitioner guilty. The next morning he was sentenced. The records of the trial court originally recited that petitioner was represented by counsel at the time of the pronouncement of judgment. This record was corrected in 1943 on motion of petitioner so as to read that petitioner was not represented by his attorney of record at the time of the pronouncement of judgment.

The District Court failed to find that Wilfong was represented by counsel at the time of the pronouncement of judgment. The District Court's finding in that regard reads "that the said Earl W. Dunn was present in the court room when the petitioner was called up for judgment and sentenced to a term of 25 years in a United States penitentiary". The Government attempted to overcome this significant record of the trial court of the Western District of Michigan, by introducing evidence that Mr. Dunn was in the court room representing petitioner at the time of sentence. In this we think it failed.

We find no merit in the contention of petitioner that he was moved to another district during the pendency of his trial for the reason that he had opportunity to consult with counsel during that time and we fail to discern wherein he was thereby prejudiced in any manner, nor did the failure to permit petitioner to be represented by counsel at the time of arraignment result in prejudice to him. While it is true that one charged with crime "requires the guiding hand of counsel at every stage in the proceedings against him" [1]

[1] Powell v. State of Alabama, 287 U. S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 84 A.L.R. 527; Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

and where such failure occurs it will be carefully scrutinized,[2] yet the fundamental purpose of the law in requiring such assistance is to insure against the prejudicing and hampering a defendant in his defense of a charge against him. Such careful scrutiny is especially necessary where a plea of guilty is entered. In the instant proceeding the situation is quite different; a plea of not guilty was entered for the defendant; before trial he secured counsel of his own choice, had an opportunity to confer with such counsel, and before trial additional counsel was secured with whom it must be assumed petitioner also had opportunity to confer. That petitioner's counsel made no move to set aside the plea of not guilty in order to object to the sufficiency of the information or take other proceedings prior to time of trial, strengthens our conclusion that the proceeding on arraignment had not resulted in prejudice to the petitioner.[3] His counsel most certainly knew what had transpired prior to the date of trial and must have concluded that petitioner was in as favorable a position to go to trial as though he had been represented by counsel at the time of the arraignment. To presume otherwise would be to infer that his counsel had not exercised due diligence and that they had acted without proper regard for the interests of their client.

■ The charge that women were brought into the court room to identify petitioner seems to us as highly improbable. We do not believe the Judge, sitting on the bench within hearing distance and in a position to see what was transpiring, would have permitted such an incident to occur without administering a stern rebuke to the parties and it further seems improbable that petitioner's attorneys hearing and witnessing the incident would not have protested and made proper objection to the court either at the time or later. But, conceding that the incident transpired as charged, it is not a proper subject to inquire into at this time in the habeas corpus proceeding. The remedy was for petitioner to bring the matter to the attention of the court, as we have stated, and give the trial court an opportunity to pass upon it and thereby make it a part of the record.

We come now to a serious question in this proceeding, namely, the failure of petitioner to be represented by counsel at the time of pronouncement of judgment and sentence, since we conclude he was not so represented. As heretofore stated, the District Court does not so find and the evidence introduced by the government does not so establish.

■ Mr. Dunn, the attorney employed by Mr. Salowich to assist him during the trial, was found by the District Court to be "present in the court room" at the time of the pronouncement of judgment. Mr. Dunn stated that he had no independent recollection of what occurred but that if he was present in the court room it was only as a spectator, that it was his understanding he was employed only to assist in the conduct of the trial, but when the verdict of the jury was returned his services in the case were ended. The mere presence in the court room as a spectator of an associate counsel who had helped represent the petitioner at the trial and who considered that his connection with the case had ended with the return of the verdict, does not meet the guaranty of the Sixth Amendment of the Constitution that "in all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." It is argued that petitioner waived his right to be represented by counsel at the time of pronouncement of judgment. This is based upon the theory that petitioner was an old offender, knew his rights, and failed to make his request for the assistance of counsel. We do not agree. The Supreme Court of the United States, in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357, after approving its former holdings that "'courts indulge every reasonable presumption

2 Cf. Michener v. Johnston, 9 Cir., 141 F.2d 171, 174; 146 F.2d 129, certiorari denied 324 U.S. 874, 65 S.Ct. 1011, 89 L.Ed. 1427.

3 DeMaurez v. Swope, 9 Cir., 104 F.2d 758, 759; McJordan v. Huff, 77 U.S. App.D.C. 171, 133 F.2d 408; Dorsey v. Gill, App.D.C., 148 F.2d 857, 975, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

against waiver' of fundamental constitutional rights", and "we 'do not presume acquiescence in the loss of fundamental rights' ", defined waiver as "an intentional relinquishment or abandonment of a known right or privilege." No such a situation is presented in this case. We conclude that because of the failure of petitioner to be represented by counsel at the time of the pronouncement of judgment and sentence he was deprived of a constitutional right and, therefore, the judgment and sentence is void.[4]

In accordance with 28 U.S.C.A. § 461, we are required in habeas corpus proceedings to "dispose of the party as law and justice require." In this case we find the conviction valid but the sentence void and in conformity with the practice which has been uniformly followed since the case of In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, it is ordered that the judgment of the District Court dismissing the writ of habeas corpus be modified so as to require that the petitioner be returned to the United States District Court for the Western District of Michigan for judgment and sentence upon the verdict of guilty heretofore returned in said court and cause, and for such other proceedings subsequent thereto as he is legally entitled to and may desire to initiate.[5]

The cause is remanded to the District Court for the Northern District of California with directions to make such order or orders as are necessary to carry out the directions contained in this opinion.

---

[4] Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527;. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Glasser v. U. S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Coates v. Lawrence, D.C.S.D.Ga., 46 F.Supp. 414, 422, affirmed in opinion adopting opinion of District Court in 5 Cir., 131 F.2d 110, certiorari denied 318 U.S. 759, 63 S.Ct. 532, 87 L.Ed. 1132. See also: Batson v. U. S., 10 Cir., 137 F.2d 288, 289, where it is said: "We believe that an accused should have the opportunity to be heard by counsel on the sentence to be imposed, and that a court should not impose sentence in the absence of counsel without expressly ascertaining that a defendant does not desire his presence. Many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence."

[5] Price v. Zerbst, D.C.N.D.Ga., 268 F. 72; Rogers v. Desportes, 4 Cir., 268 F. 308, 310; Bryant v. United States, 8 Cir., 214 F. 51; Andrus v. McCauley, D.C.E.D.Wash., 21 F.Supp. 70, 78; Coates v. Lawrence, D.C.S.D.Ga., 46 F. Supp. 414, 422; affirmed 5 Cir., 131 F.2d 110, certiorari denied 318 U.S. 759, 63 S.Ct. 532, 87 L.Ed. 1132; Wilson v. Bell, 6 Cir., 137 F.2d 716, 719; Bayless v. Johnston, D.C.N.D.Cal., 48 F.Supp. 758; McDonald v. Johnston, D.C.N.D.Cal., 62 F.Supp. 830; See also: Copeland v. Archer, 9 Cir., 50 F.2d 836.