**In re REED.**

No. 9261.

United States Court of Appeals
District of Columbia.

Argued Oct. 10, 1946.

Decided Nov. 18, 1946.

Mr. William S. Tarver, of Washington, D. C. (appointed by this Court), for appellant.

Mr. John P. Burke, Asst. U. S. Atty., of Washington, D. C., with whom Mr. Edward M. Curran, U. S. Atty., of Washington, D. C., was on the brief, for appellee. Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

This is an appeal from an order of the United States District Court, denying appellant's petition for habeas corpus.

In December, 1941, appellant was convicted and sentenced in the District of Columbia to imprisonment for two to six years. The character of his offense does not appear, but on December 28, 1945, some two years prior to the normal expiration of his sentence, he was granted conditional release for good conduct.[1] Upon his release the District of Columbia Board of Indeterminate Sentence and Parole assumed supervision over appellant until the expiration of his original sentence. The petition to the District Court for the writ is based mainly on the claim that appellant's supervision by the local Board is unlawful, since the Board, as he insists, is without authority to impose conditions or to exercise supervision over prisoners convicted in the District of Columbia and thereafter released because of good conduct allowance.

Two additional grounds for reversal are urged and will be later noticed.

As to the main ground stated above, it is only necessary to say we had, a little more than two years ago, in *Gould* v. Green,[2] declared the law to be contrary to petitioner's contention. Petitioner's able and industrious counsel urges upon

[1] Act of June 21, 1902, 32 Stat. 397, 18 U.S.C.A. § 710.

[2] Gould v. Green, 78 U.S.App.D.C. 363, 141 F.2d 533.

us, however, that that decision should now be reconsidered. We have given the request careful consideration and reached the conclusion that this may not be done. In the Gould case, we held that the District of Columbia Board, like the National Parole Board, has power to impose conditions upon release of prisoners who have served the full time of sentence, less deductions for good conduct, and in the event of violation of the conditions, to recommit the released prisoner. In reaching that conclusion we reviewed at some length the Federal and District statutes and decided that Congress had in the enactment of the two parole Acts demonstrated a clear intention to provide a uniform administration of the Federal and District laws with respect to the control of released prisoners. Reference is made to that case for a statement of the reasons impelling us to the conclusion, and it will accomplish no good purpose to repeat what was said there.[3]

■ This brings us to consider, briefly, the two other points urged for reversal. The first is that the District Court erred in refusing the writ on the stated ground that petitioner was not in custody. As to this petitioner says that the Board's asserted right to impose restrictions and restraints practically amounts to the assumption of custody of his person, and there is authority to sustain the contention.[4] But in the view we take, we need not decide this question, since, without regard to the reason assigned by the District Court for its rejection of the writ, it is perfectly clear the result was in all respects correct. The petition, as we have seen, challenged only the Board's power, and that question having been set at rest by our decision in the Gould case, it is clear that the court had no alternative than refusal of the writ.

■ Accordingly, we pass to the third and last point, which is that petitioner on his arraignment was not represented by counsel or informed of his right to have counsel. But the petition shows that at his arraignment petitioner pleaded not guilty and was remanded for trial at a later date, and that prior to and at his trial he was represented by counsel, and no prejudice is claimed or shown by reason of the failure of the court to secure him counsel at the time of the arraignment. If at that time he had unwittingly pleaded guilty and been sentenced, the case would be different. But since his plea was not guilty, and thereafter counsel was appointed, and petitioner had a fair trial, the failure to appoint at the arraignment inflicted no hardship, nor abridged his fundamental rights. As much as this we held recently in two cases cited in the footnote below.[5]

Affirmed.

---

[3] But see also: Act of June 21, 1902, 32 Stat. 397, 18 U.S.C.A. § 710, authorizing deductions from sentence for good conduct. Act of June 25, 1910, 36 Stat. 819, 18 U.S.C.A. § 716, providing for release on parole when authorized by the Board of Parole; Act of May 13, 1930, 46 Stat. 272, 18 U.S.C.A. § 723a, amending the Act of 1910, so as to create a single Board of Parole; Act of June 29, 1932, 47 Stat. 381, 18 U.S.C.A. § 709a et seq., providing that thereafter parolees shall continue on parole for the term of their sentences without deduction for good conduct time, and likewise providing (in § 4, 18 U.S.C.A. § 716b) that prisoners released for good conduct shall be treated as if released on parole and shall be subject to the same laws; Act of July 15, 1932, 47 Stat. 696, D.C.Code, §§ 24—204, 208, creating the District of Columbia Board of Indeterminate Sentence and Parole and giving it, effective from the appointment of the members of the Board, all the powers of the Federal Parole Board as granted in the Act of 1910, as amended. This Act provided that parolees shall be under control only for the length of their sentences, less time off for good conduct. But by Act of June 6, 1940, 54 Stat. 242, D.C.Code § 24—204, the last mentioned Act was amended, and provided that thereafter parolees should continue under control for the entire sentence without regard to time off for good behavior.

[4] See: In re Marzec, 1945, 25 Cal.2d 794, 154 P.2d 873; Sellers v. Bridges, 1943, 153 Fla. 586, 15 So.2d 293, 148 A.L.R. 1240; Ex parte Foster, 1903, 44 Tex.Cr.R. 423, 71 S.W. 593, 60 L.R.A. 631, 100 Am.St.Rep. 866; Ex parte Snodgrass, 1901, 43 Tex.Cr.R. 359, 65 S.W. 1061.

[5] Alexander v. United States, 1943, 78 U.S.App.D.C. 34, 136 F.2d 783; McJordan v. Huff, 1943, 77 U.S.App.D.C. 171, 133 F.2d 408.