## COUNCIL v. CLEMMER.
### No. 9981.

United States Court of Appeals
District of Columbia Circuit.

Argued March 25, 1949.

Decided May 16, 1949.

Writ of Certiorari Denied Nov. 14, 1949.
See 70 S.Ct. 150.

Mr. John J. Wilson, Washington, D. C., appointed by this Court, argued on behalf of appellant and submitted a memorandum after argument. A brief was also submitted by appellant pro se.

Mr. Robert M. Scott, Assistant United States Attorney, Washington, D. C., with whom Mr. George Morris Fay, United States Attorney and Mr. John D. Lane, Assistant United States Attorney, Washington, D.C., were on the brief, for appellee.

Before WILBUR K. MILLER and PRETTYMAN, Circuit Judges, and WATKINS, District Judge sitting by designation.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing a petition for a writ of habeas corpus. The case was here once before, and we need not repeat what was said in the prior opinion.[1] The substance of that decision was that the petitioner be permitted to amend his petition. The hearing which is the subject of this appeal was upon an amended petition, pursuant to our mandate.

Appellant says that, in violation of the Sixth Amendment to the Constitution, he did not have the assistance of counsel at his preliminary hearing or upon his arraignment. He pleaded not guilty upon both occasions. He did not have counsel present upon either occasion, but the District Court found that upon the arraignment he expressly waived the presence of his counsel, already retained. The evidence in the present proceeding consisted of the oral testimony of appellant, the Assistant United States Attorney who prosecuted the original criminal case, and the attorney who represented appellant upon that trial, and of documentary evidence, including the original petition filed by appellant, the record of the original criminal trial, and the transcript of the proceedings upon that trial.

■ There is no constitutional requirement that the accused be represented by counsel on arraignment where he pleads not guilty. There is no abridgment of fundamental rights under these circumstances. This is the holding of In re Reed, 1946, 81 U.S.App.D.C. 310, 158 F.2d 323, and of Dorsey v. Gill, 1945, 80 U.S.App. D.C. 9, 148 F.2d 857, certiorari denied, 1945, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.[2] Even where the accused pleads guilty on arraignment, the failure to appoint counsel is not prejudicial where counsel is appointed immediately thereafter and full opportunity is given to withdraw the plea, or to take whatever steps are necessary or desirable without regard to what previously transpired.[3]

■ There is no constitutional requirement that the accused be represented by counsel at the preliminary hearing where he pleads not guilty. In Burall v. Johnston,[4] appellant contended that he was entitled to have counsel assigned to assist him in the hearing before the Commissioner, at which he pleaded not guilty. The court held that "The preliminary hearing is not a trial within the meaning of the Constitution but is an ex parte proceeding." The denial of the petition for the writ was affirmed. In Price v. Johnston,[5] the appellant alleged that his constitutional rights were infringed because he was denied the assistance of counsel at the time of his arrest, immediately thereafter, and when before the United States Commissioner. The court rejected this contention, stating that "A writ of habeas corpus is not like an action to recover damages for unlawful arrest or commitment but its object is to ascertain whether a prisoner can lawfully be detained in custody; and if sufficient ground for detention by the Government is shown, he is not to be discharged for defects in the original arrest or commitment." Wood v. United States[6] is not in point, for the reason that there the only question was whether pleas of guilty, allegedly made

[1] Council v. Clemmer, 1947, 83 U.S. App.D.C. 42, 165 F.2d 249.

[2] To the same effect are Ruben v. Welch, 4 Cir., 1947, 159 F.2d 493, certiorari denied, 1947, 331 U.S. 814, 67 S.Ct. 1199, 91 L.Ed. 1833; Holloway v. Welch, 4 Cir., 1947, 160 F.2d 575. Cf. Thompson v. King, 8 Cir., 1939, 107 F. 2d 307; De Maurez v. Swope, 9 Cir., 1939, 104 F.2d 758; Saylor v. Sanford, 5 Cir., 1938, 99 F.2d 605, certiorari denied, 1939, 306 U.S. 630, 59 S.Ct. 465, 83 L.Ed. 1032; Wilfong v. Johnston, 9 Cir., 1946, 156 F.2d 507.

[3] McJordan v. Huff, 1943, 77 U.S.App. D.C. 171, 133 F.2d 408; Alexander v. United States, 1943, 78 U.S.App.D.C. 34, 136 F.2d 783.

[4] 9 Cir., 1944, 146 F.2d 230, certiorari denied, 1945, 325 U.S. 887, 65 S.Ct. 1567, 89 L.Ed. 2001.

[5] 9 Cir., 1944, 144 F.2d 260, 261, certiorari denied, 1933, 323 U.S. 789, 65 S. Ct. 312, 89 L.Ed. 629.

[6] 1942, 75 U.S.App.D.C. 274, 128 F. 2d 265, 141 A.L.R. 1318.

at the preliminary hearing, were admissible in evidence against the appellants.

■ Rule 44 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the court shall assign counsel to represent an accused "at every stage" of the proceedings. The Advisory Committee's note says that the rule is a restatement of existing law, citing Johnson v. Zerbst,[7] Walker v. Johnston,[8] and Glasser v. United States.[9] The basic premise of Johnson v. Zerbst was that where a man pleads guilty and upon that plea is sentenced, his liberty is gone just as effectively as if he had pleaded not guilty and been convicted. The necessity of counsel in so critical a process was the major premise of the decision. In Evans v. Rives,[10] we said: "The purpose of the guaranty is to give assurance against deprivation of life or liberty except strictly according to law." And we repeated with emphasis the statement in Johnson v. Zerbst that "The purpose of the constitutional guaranty of right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights * * *."[11] That purpose is not impeded by a mere plea of not guilty without counsel. Nothing of substance prejudicial to a defendant occurs upon the making of that plea.

The expression "at every step" of the proceedings seems to have been used originally in Powell v. Alabama[12] and has been quoted extensively since then by the Supreme Court and other courts. In Edwards v. United States[13] we said that the phrase "contemplates effective aid of counsel in the preparation and trial of the case." The doctrine of Powell v. Alabama was that counsel must have time, prior to trial, to prepare the defense, and that doctrine appears to run through the cases.[14] No such moving consideration appears in the case at bar.

As to the preliminary hearing, the note of the Advisory Committee upon Rule 44 says: "The rule is intended to indicate that the right of the defendant to have counsel assigned by the court relates only to proceedings in court and, therefore, does not include preliminary proceedings before a committing magistrate."

We add one further word on this subject. It has not been the custom in this jurisdiction to assign counsel upon arraignment if the plea is not guilty, and we are not advised that it has been the custom in other jurisdictions. The law in that respect has long been settled. To hold that a trial court is without jurisdiction, constitutionally speaking, to try a defendant who on arraignment has pleaded not guilty in the absence of counsel, would literally open the doors of the penal institutions of the country. Only the most cogent reasons could persuade us so to hold. We find none, either of authority or of principle.

■ Appellant says that he was not present when the motion for a new trial was argued by his counsel, and that his absence was a violation of his constitutional right to be present. The argument upon that motion was not part of the trial; it was an effort to get another trial. It dealt with questions of law and alleged errors in the trial. There was no constitutional

---

[7] 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

[8] 1941, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

[9] 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

[10] 1942, 75 U.S.App.D.C. 242, 247, 126 F.2d 633, 638.

[11] Id., 75 U.S.App.D.C. at 248, 126 F.2d at 639. See also cases cited note 3 supra.

[12] 1932, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.

[13] 1943, 78 U.S.App.D.C. 226, 228, 139 F.2d 365, 367, certiorari denied, 1944, 321 U.S. 769, 64 S.Ct. 523, 88 L.Ed. 1064.

[14] Hawk v. Olson, 1945, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Avery v. Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Skiskowski v. United States, 1946, 81 U.S.App.D.C. 274, 277, 158 F.2d 177, 180; Gilmore v. United States, 10 Cir., 1942, 129 F.2d 199, certiorari denied, 1942, 317 U.S. 631, 63 S.Ct. 55, 87 L.Ed. 509; United States v. Hartenfeld, 7 Cir., 1940, 113 F.2d 359, certiorari denied, 1940, 311 U.S. 647, 61 S.Ct. 30, 85 L.Ed. 413; Garrison v. Johnston, 9 Cir., 1939, 104 F.2d 128, certiorari denied, 1939, 308 U.S. 553, 60 S.Ct. 107, 84 L.Ed. 465.

requirement that the defendant be present.

■ Appellant makes a number of points based upon assertions of fact by him as to occurrences at the original trial. Points of that nature cannot usually be raised upon petition for habeas corpus, but, since one of his points was that his attorney failed to take an appeal although instructed to do so, the trial court in caution heard the evidence. It made findings of fact contrary in each instance to appellant's claims. The evidence in support of the findings was ample. We will not disturb them.

■ Upon appellant's brief in this court, an additional question was raised concerning the reception in evidence of an admission of guilt made by appellant after his arrest. Upon the original criminal trial, the police officer who made the arrest testified that he questioned appellant in the presence of the complainant, and that appellant then and there said he had taken the money and keys which were the subject of the alleged robbery. Complainant testified to the same effect and placed the time of the conversation as the morning after the late-evening robbery and the arrest, which occurred shortly after midnight. No objection was made to either statement, and no point of the matter was made by appellant upon his petition or amended petition for habeas corpus. It now develops that about thirty-three hours elapsed between the hour of arrest and the hour of hearing before the committing judge. It is urged that that fact alone made it necessary for the trial court to ascertain whether or not the admission was induced by the delay. We do not think so. Appellant was represented at the trial by experienced trial counsel. He himself was present and heard the testimony of the two witnesses. Neither he nor his counsel disputed or objected to the testimony. No question was asked and no testimony presented to indicate or even suggest that appellant had been unduly detained before presentment to the magistrate. Nothing was said to suggest that the admission was obtained by duress. There is no presumption that an admission of guilt is inadmissible, involuntary or incredible. In his amended petition for habeas corpus, appellant recited at length the circumstances of the alleged robbery, his arrest, his detention, and his questioning by the detectives. He did not in that recital suggest that an admission of guilt was wrung from him by duress, as he now asserts. Quite the contrary, he there said that he recited to the detectives the facts establishing his innocence, and that they agreed with him and told him that after a perfunctory "line-up" he would be released. He said that after the line-up he was confronted by the complainant, who, despite an apparent fear of the detectives, maintained that he was unable to identify the appellant as the robber. Nowhere, until his brief in this court, did the appellant suggest that his admission was obtained by duress; and there is no testimony by anyone to suggest that it was.

We know of no case that holds that detention by police beyond a proper period deprives the courts of jurisdiction to try the defendant. At most, the question, as it is here presented, is one of admissibility of evidence. Even if the question were open after failure to dispute or make the slightest objection to the testimony at the time of the trial, it is not open here when no point was later made of it in the trial court even upon an amended petition for habeas corpus. Haley v. Ohio [15] and Lee v. Mississippi [16] are not to the contrary. The problems with which those cases dealt are so dissimilar to that presented by the case at bar that a lengthy discussion of them would be of no value here.

The judgment of the District Court is Affirmed.

[15] 1948, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224.

[16] 1948, 332 U.S. 742, 68 S.Ct. 300, 92 L.Ed. 330.