**Lonnie Calvin MOSES, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 1908.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 14, 1957.

Decided Feb. 20, 1957.

Albert A. Stern, Washington, D. C., with whom Robert I. Miller, Washington, D. C., was on the brief, for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

After trial before a jury appellant was found to be the father of a child born out of wedlock, pursuant to Code 1951, Supp. IV, § 11–951 et seq. A judgment was en-

1. Bogorad v. Schwarz, 4 Cir., 1953, 208 F.2d 704; 5 Am.Jur., Attorneys at Law, § 154.

tered ordering him to pay for the child's support. He appeals from this judgment.

 One of appellant's assignments of error questions the propriety of the judge's explaining to the jury, on its *voir dire* examination, the history and purpose of the legislation under which this proceeding was instituted.

This very question was involved in Ford v. District of Columbia[1] and there settled. We said in that case:

> "* * * A judge is more than a mere referee and has the duty and responsibility to advise the jury panel of the nature of a case in order to ascertain whether the jurors are free of prejudice and are otherwise qualified. It is plain that the defendant was not prejudiced as a result of the statements mentioned."

 Appellant next contends that it was error for the court to permit the complainant to testify that he had sexual relations with her prior to the period of conception. Our opinion in Fuller v. United States[2] is dispositive of this question. We there held:

> "* * * Not only are the couple's sexual relations prior to the period of conception admissible but courts generally also admit evidence of other intimacies, promises of marriage, and gifts. These circumstances are admitted for their probative value * * *."

 Appellant complains of errors of omission and commission in the court's charge to the jury. The record demonstrates that counsel for appellant noted no objection to the charge, offered no instructions, nor did he suggest any amendments; we could therefore dispose of this contention on those grounds. However, because of the importance of this

proceeding to the appellant, we have carefully studied the charge and find that it was in strict accordance with the settled law of this jurisdiction.

 We have examined the other points raised and find that as to most of them no objection was noted in the trial court; as to the others the court was justified in the rulings made; and finally that the jury's verdict was supported by substantial probative evidence.

Affirmed.

---

1. D.C.Mun.App., 102 A.2d 838, 839, affirmed 95 U.S.App.D.C. 87, 219 F.2d 769, certiorari denied 349 U.S. 964, 75 S.Ct. 897, 99 L.Ed. 1286.

2. D.C.Mun.App., 65 A.2d 589, 591, and cases cited therein.