
**Sherman Wall FERGUSON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1976.

Municipal Court of Appeals for the District of Columbia.

Argued May 13, 1957.

Decided June 13, 1957.

Albert A. Stern, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was charged in the Juvenile Court with being the father of an illegitimate child (Code 1951, Supp. V, § 11–951 et seq.). He appeared before the court, at which time he was advised of his right to counsel. He executed a written waiver of counsel and entered a plea of not guilty. A preliminary hearing was held and the appellant requested a trial by jury. The court advised him that he should obtain counsel to represent him at the forthcoming trial since it was felt he could not adequately represent himself, particularly at a jury trial. Sometime thereafter, appellant's present counsel entered his appearance and requested a second preliminary hearing.[1] This request was denied because such a hearing had already been held.

The case was tried before a jury a little over four months after counsel, who represented appellant at the trial, entered the case. The jury found appellant to be the father of the child and counsel thereafter filed a motion for a new trial, stressing particularly as error the refusal of the court to grant a second preliminary hearing after his client had retained him. The motion was denied and the court thereafter passed a support order.

1. Presumably because his client had not been represented by counsel at the original hearing.

Appellant's main contentions are that the trial court erred (1) in explaining the history and purpose of the bastardy statute to the jury on its voir dire examination and (2) in refusing to grant a second preliminary hearing in view of the fact that appellant was not represented by counsel at the original hearing.

We have several times decided the first point adversely to appellant's contention.[2] On the authority of those cases we rule the court committed no error in this connection.

As to the second contention, we are not confronted with the question of a defendant in a criminal or quasi-criminal proceeding pleading guilty or being tried on the merits without benefit of counsel. We have held that under certain circumstances, if a defendant without counsel pleads guilty and thereafter retains counsel, who promptly and seasonably files a motion to withdraw the guilty plea so that his client may obtain a trial under his guidance, the court should grant the motion and afford the defendant a trial.[3]

Here, however, the problem is quite different. Appellant was without counsel *only* at his *arraignment* and *preliminary hearing* and he pleaded *not guilty;* and, as we have seen, was represented by counsel at his trial. We rule that under the circumstances, appellant was not deprived of any substantial rights. In Council v. Clemmer[4] the court said:

> "There is no constitutional requirement that the accused be represented by counsel at the *preliminary hearing* where he pleads *not guilty*. In Burall v. Johnston [9 Cir., 146 F.2d 230, certiorari denied 325 U.S. 887, 65

S.Ct. 1567, 89 L.Ed. 2001], appellant contended that he was entitled to have counsel assigned to assist him in the hearing before the Commissioner, at which he pleaded *not guilty*. The court held that 'The preliminary hearing is not a trial within the meaning of the Constitution but is an ex parte proceeding.' * * *" (Emphasis supplied.)[5]

Since his plea was *not guilty* and he thereafter retained counsel and had a fair trial, his being without counsel at the arraignment and preliminary hearing in our opinion inflicted no hardship nor abridged his fundamental rights.

We feel the other claimed errors do not merit discussion.

Affirmed.

2. Moses v. District of Columbia, D.C.Mun. App., 129 A.2d 402; Ford v. District of Columbia, D.C.Mun.App., 102 A.2d 838, affirmed 95 U.S.App.D.C. 87, 219 F.2d 769, certiorari denied 349 U.S. 964, 75 S.Ct. 897, 99 L.Ed. 1286.

3. Huffman v. District of Columbia, D.C. Mun.App., 133 A.2d 114; Stallans v. District of Columbia, D.C.Mun.App., 130

A.2d 923; Coleman v. District of Columbia, D.C.Mun.App., 83 A.2d 873.

4. 85 U.S.App.D.C. 74, 177 F.2d 22, 23, certiorari denied 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540.

5. See also In re Reed, 81 U.S.App.D.C. 310, 158 F.2d 323; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L. Ed. 2003.