Ezequial Frank Lopez **VASQUEZ,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16632.

United States Court of Appeals
Ninth Circuit.

April 27, 1960.

session of marijuana on which he is serving a sentence of five years imprisonment imposed in the District Court in San Diego on May 22.[1] The sole assignment of error is that the District Court committed error in refusing to permit appellant to withdraw his plea of guilty and enter a plea of not guilty.

Appellant, who is twenty-one years of age, and a co-defendant were jointly indicted for possession of marijuana (21 U.S.C.A. § 176a). An attorney was appointed to represent appellant. The co-defendant hired his own attorney. On March 16 defendant pleaded not guilty. On March 24 he withdrew his plea of not guilty and pleaded guilty. After the co-defendant's trial and conviction the appellant filed a motion, supported by an affidavit, under which he claimed that he had been nervous, upset and confused at the time of his discussions with the court and with his attorney and that his recollection of the events surrounding the search for the marijuana was confused and unclear and that he first learned that he might have a meritorious legal defense to the indictment on the theory that he might be able to suppress the evidence obtained against him on the ground that the search was illegal.

Prior to permitting the appellant to change his plea and enter one of guilty, the court thoroughly examined appellant as to his age, whether he wanted to withdraw his plea of not guilty and change the plea to guilty, whether the change was a free and voluntary act, whether he understood the nature of the crime with which he was charged, and whether he was guilty of such charge. Not only did the appellant answer all of the court's questions in the affirmative, but he emphasized the voluntary nature of his plea and his guilt by the following answers to the following questions:

"The Court: Is that free and voluntary on your part?

"Defendant Vasquez: It is free and voluntary on my part.

William F. Gavin, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Asst. U. S. Atty., Los Angeles, Cal., Elmer Enstrom, Jr., Asst. U. S. Atty., San Diego, Cal., for appellee.

Before POPE and JERTBERG, Circuit Judges, and KILKENNY, District Judge.

KILKENNY, District Judge.

Appellant has appealed from a judgment of conviction of the crime of pos-

---

1. Unless otherwise stated, the year in all cases is 1959.

"The Court: Is that you feel that you want to change your plea because you are guilty or for some other reason?

"Defendant Vasquez: Well, because I am guilty, your Honor."

Furthermore, in answer to one of the court's questions, the appellant indicated he understood the punishment for this particular crime was imprisonment for not less than five years. It was only after thorough questioning that the judge permitted the appellant to change his plea to one of guilty. The appellant was represented by his attorney at all times when appellant was entering his pleas. Some twelve days after the jury convicted his co-defendant, the appellant filed his motion to vacate his plea of guilty. In denying withdrawal of the plea of guilty, the trial court found:

" * * * the facts show that he not only pleaded guilty voluntarily but that he testified as to such guilt on two occasions with the knowledge of his counsel, and that both counsel and defendant were under no misapprehension as to the facts of the seizure of the evidence herein."

Rule 11 of the Rules of Criminal Procedure, 18 U.S.C.A. requires the Court to first determine that the plea is made voluntarily with an understanding of the nature of the charge. Rule 32(d) permits the filing of a motion to withdraw a plea of guilty. Rule 41(c) requires a person who is aggrieved by an unlawful search and seizure to file his motion to suppress before trial or hearing unless opportunity therefor did not exist. Certain discretion is granted in the trial court to entertain the motion at the time of the trial or the hearing.

Appellant relies on United States v. Lester, 2 Cir., 1957, 247 F.2d 496. In that case the plea of guilty had been entered without the presence of counsel and the Court of Appeals held that the trial court had failed to ascertain whether the plea was entered with a full understanding of the nature of the charge and the consequences. The opinion points out that there is no reversible error in denying a motion to withdraw a plea of guilty

in the absence of a showing that the defendant was in some manner misled by the government. In that case there was a claim of certain representations made by the prosecutor that a prison sentence would not be imposed. The Lester case bears no resemblance to the case at bar.

Likewise, Von Moltke v. Gillies, 1947, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, has little likeness to the present case. There the defendant was not represented by counsel and there was a claim that the petitioner pleaded guilty in reliance on erroneous legal advice from a government agent. Smith v. United States, 5 Cir., 1956, 238 F.2d 925, and Bergen v. United States, 8 Cir., 1944, 145 F.2d 181, each involved a defendant who was not represented by counsel and it was questionable as to whether the defendant understood the charges against him. Neither McJordan v. Huff, 1943, 77 U.S.App.D.C. 171, 133 F.2d 408, nor Kercheval v. United States, 1927, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009, is in point. We believe the decision in United States v. Sturm, 7 Cir., 1950, 180 F.2d 413, is decisive of the issue involved on this appeal. In that case there had been an arrest, search and seizure by federal agents of certain property in the defendant's room. Defendant had the services of an attorney who represented him in all of the subsequent proceedings. Defendant waived indictment and pleaded guilty to three informations charging certain federal offenses. Thereafter, he asked the District Court to vacate these sentences, claiming that the arrest was illegal and that his constitutional guaranties against unreasonable searches and seizures had been violated. The District Court refused to vacate the sentences. The Court of Appeals affirmed this decision on the ground that the defendant had entered a voluntary plea of guilty and even though the evidence might have been illegally obtained, it had never been used against him. The Court also points out that the defendant could not have been under a misapprehension of the facts and of his rights when he was represented by counsel throughout the pro-

ceedings. Edwards v. United States, 1958, 103 U.S.App.D.C. 152, 256 F.2d 707 also supports the position of the trial judge in this case.

A defendant who enters a plea of guilty has no right, as a matter of law, to withdraw such plea. Richardson v. United States, 8 Cir., 1954, 217 F.2d 696, 699. In any event, the trial court has a wide discretion in passing on a motion to set aside a plea of guilty and the action of the court will not be disturbed unless there is an abuse of that discretion. Friedman v. United States, 8 Cir., 1952, 200 F.2d 690, certiorari denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357, rehearing denied 345 U.S. 961, 73 S.Ct. 937, 97 L.Ed. 1381; Hoyt v. United States, 10 Cir., 1958, 252 F.2d 460, 461, 462; United States v. Nigro, 3 Cir., 1959, 262 F.2d 783, 787.

The refusal of the trial court to allow oral argument on the motion to vacate the plea of guilty, under the facts of this case, cannot affect the appellant's rights. The entire record was before the Court and the attorney would have to confine his argument to the record. The trial judge did not abuse his discretion.

The judgment is affirmed.