UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 00-4159

GEORGE WESLEY NEAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-331)

Submitted: August 15, 2000

Decided: September 20, 2000

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Billy L. Ponds, THE PONDS LAW FIRM, Washington, D.C.; Joseph
R. Conte, BOND, CONTE & NORMAN, P.C., Washington, D.C., for
Appellant. Helen F. Fahey, United States Attorney, Rebeca Hidalgo
Bellows, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Wesley Neal, appeals from the district court's order denying his motion to withdraw his guilty plea to conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). Finding no abuse of discretion, we affirm the district court's denial of the motion and affirm Neal's conviction.

Neal sought to withdraw his plea, asserting that his original counsel did not inform him that he could move to suppress the statements he made to officers when he was arrested and to suppress the drugs found in the trunk of his car pursuant to a search. He contends that he did not consent to the search and did not receive the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966).

Relying on Neal's statements during the plea hearing held pursuant to Fed. R. Crim. P. 11, the district court determined that Neal failed to offer credible evidence that his plea was not knowing and voluntary. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (stating that properly conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding."). The court also found that Neal failed to credibly assert a claim of legal innocence. Neal did not deny his involvement in a conspiracy to distribute crack cocaine. In fact, Neal swore under oath that he made no claim that he was innocent. He also agreed to a statement of facts, which provided that the search of his person and his vehicle were consensual and that he had obtained crack cocaine from a co-conspirator for further distribution. Neal's belated desire to file a motion to suppress does not warrant withdrawal of the plea. See Vasquez v. United States, 279 F.2d 34, 36-37 (9th Cir. 1960).

Further, the district court found that there was a delay between entry of the plea and the motion to withdraw the plea. We find no

2

clear error in this finding by the district court. See United States v. Suter, 755 F.2d 523, 525 (7th Cir. 1985) (reviewing factual findings in support of denial of motion to withdraw plea for clear error).

The district court also found that, at the time of the entry of his plea, Neal had the close assistance of competent counsel. The court based this finding on Neal's sworn statements during the Rule 11 hearing as to his satisfaction with counsel. This finding is not clearly erroneous. See id. at 525; see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

The district court noted that the government did not assert that it would be prejudiced by the withdrawal of the plea, see United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (finding lack of prejudice to government, by itself, not dispositive), but that the court would be inconvenienced and judicial resources wasted. The court therefore concluded that no fair and just reason existed to warrant the withdrawal of Neal's plea.

Because the district court properly weighed the factors set forth in Moore and determined that Neal failed to show a fair and just reason, we find no abuse of discretion in the denial of Neal's motion to withdraw his guilty plea. See Lambey, 974 F.2d at 1393 (providing standard of review). Therefore, we affirm Neal's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3