RUBEN v. WELCH, Superintendent, District of Columbia Reformatory.

No. 5554.

Circuit Court of Appeals, Fourth Circuit.

Jan. 30, 1947.

Writ of Certiorari Denied April 28, 1947.

See 67 S.Ct. 1199.

Sam Ruben, pro se.

George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va. (Harry H. Holt, Jr., U. S. Atty., of Hampton, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for a writ of habeas corpus by appellant, who is confined in the District of Columbia Reformatory at Lorton, Virginia, under a judgment and sentence of the District Court of the United States for the District of Columbia. Appellant was convicted of robbing the Washington Mechanics Savings Bank on June 10, 1932. He was tried in 1939 and upon conviction was given a prison term of not less than three nor more than fifteen years under the indeterminate sentence law of the District of Columbia. The judgment was affirmed on appeal in an exhaustive opinion, in which all questions raised on the trial were carefully reviewed. Neufield v. United States 73 App.D.C. 174, 118 F.2d 375.

In the court below, appellant asked release from imprisonment on the grounds that he was denied the speedy trial guaranteed by the Constitution, Amend. 6, and that he was without counsel both in removal proceedings and upon arraignment in the trial court. These contentions are entirely without merit and were adequately answered in the memorandum opinion of the District Judge. It is nothing short of absurd to contend that a prisoner may be released on habeas corpus after conviction merely because his trial was improperly delayed. See Ex Parte Pickerill, D.C., 44 F.Supp. 741. There is no constitutional requirement that counsel be assigned in removal proceedings. Gilmore v. United States 10 Cir. 129 F.2d 199; Counselman v. Hitchcock 142 U.S. 547, 563, 12 S.Ct. 195, 35 L.Ed. 1110. And it makes no dif-

ference that a prisoner did not have counsel at the arraignment where it appears that he was adequately represented by counsel in subsequent proceedings. Canizio v. People of State of New York, 327 U.S. 82, 66 S.Ct. 452. Especially is this true where the prisoner entered a plea of not guilty on arraignment, which is all that a lawyer could have done for him.

In this Court appellant raises the additional point that the sentence imposed upon him was void because not authorized by statute. The crime of which defendant was convicted was committed on June 10, 1932. The District of Columbia indeterminate sentence law, under which the appellant was given the sentence of not less than three nor more than fifteen years, was approved July 15, 1932, and provided: "That for any felony committed before this Act takes effect, the penalty, sentence, or forfeiture provided by law for such felony at the time such felony was committed shall remain in full force and effect and shall be imposed, notwithstanding this Act." § 7, 47 Stat. 696, 698. The law in effect at the time of the commission of the crime for which the appellant was sentenced provided for the imposition of a definite sentence. The sentence imposed is accordingly void; but this does not mean that appellant is entitled to be released on habeas corpus. He should be held and remanded to the custody of the United States Marshal for the District of Columbia to be returned to the court by which he was tried in order that proper sentence may be imposed upon him. De Benque v. United States, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839.

Appellant argues that he is entitled to be released from custody because he has served the minimum term prescribed by the sentence; but if the sentence is void, and it is only upon this ground that it is subject to attack in habeas corpus proceedings, it manifestly cannot protect appellant from further sentence any more than it can justify his imprisonment. When sentence is imposed, defendant will doubtless receive credit for the time that he has served on the void sentence. See 85 F.2d at page 207. A similar question was before this court in Mitchell v. Youell, 4 Cir., 130 F. 2d 880, 882, in which we held a state trial to be void because of the denial of due process to the accused. We said:

"The trial and sentence of the state court must accordingly be held for naught. Powell v. [State of] Alabama supra, [287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527]; Smith v. O'Grady, supra, [312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859]; Boyd v. O'Grady, supra, [8 Cir., 121 F.2d 146]. This does not mean, however, that petitioner may escape further punishment under the bill of indictment returned against him. While the conviction and sentence under the bill must be held to be void and the prisoner released from further service of the sentence, he will be subject to arrest and trial under the indictment. The defense of prior jeopardy will not protect him, for in holding that the trial was a nullity, we hold that he has not been in jeopardy under the charge. It is settled that an accused is not put in jeopardy by a void judgment of conviction, and that upon his discharge thereunder he may be again arrested and prosecuted."

The order appealed from will accordingly be reversed and the case will be remanded to the District Judge with direction that an order be entered finding that the sentence under which the accused is imprisoned is void, but directing that he be held and remanded to the custody of the United States Marshal for the District of Columbia to be returned to the court by which he was tried in order that proper sentence may be imposed upon him.

Reversed and remanded with directions.