STATE *ex rel.* DANIEL L. FIRESTONE

*v.*

D. E. ADAMS, *Warden, Etc.*

(No. 12019)

Submitted April 12, 1960.     Decided April 19, 1960.

*Robert G. Perry,* for relator.

*W. W. Barron, Attorney General, Giles D. H. Snyder, Assistant Attorney General,* for respondent.

CALHOUN, JUDGE:

In this habeas corpus proceeding instituted in this Court, the relator, Daniel L. Firestone, seeks a writ to require Donivon E. Adams, Warden of the West Virginia Penitentiary, forthwith to release the relator from his present confinement in that institution in pursuance of an indeterminate sentence of from one to ten years imposed by the Circuit Court of Wyoming County, sitting as a juvenile court.

The petition is predicated upon an allegation that such sentence was imposed in the absence of a present-

ment or an indictment of a grand jury. No appearance was made in the proceeding on behalf of the respondent, except that a representative of the office of the attorney general appeared before the Court on behalf of the respondent at the time set for argument of the case, and stated orally to the Court that the pertinent allegations of the petition are based upon undisputed facts disclosed by the records of the lower court and he expressed to the Court his view that the relief prayed for is warranted by the law in the light of such undisputed facts.

In 1957 a petition was filed in the Circuit Court of Wyoming County, which in that county exercises jurisdiction as a juvenile court by virtue of Code, 49-5-1, alleging that the relator was then sixteen years of age; that he was a delinquent by reason of having stolen two automobiles; and the petition prayed that the relator be adjudged to be a delinquent child and dealt with in accordance with the laws of the State pertaining to delinquent children. On June 22, 1957, a hearing was held upon such petition, the relator was adjudged to be a delinquent child, and he was committed to the West Virginia Board of Control to be assigned to a forestry camp in accordance with Chapter 16, Acts of the Legislature, Regular Session, 1955. On October 23, 1957, the juvenile court entered a further order, reciting that the relator had been found to be unfit to be retained at the forestry camp, and he was by such order committed to the West Virginia Industrial School for Boys at Pruntytown until twenty-one years of age. Apparently the relator was determined to be unfit for confinement at the industrial school, and consequently was returned to the court from which he was committed.

On December 19, 1957, a further order was entered by the juvenile court, reciting that the relator appeared before the court in person and by counsel appointed by the court to defend him; that thereupon the relator "entered a plea of guilty to Breaking & Entering"; that evidence was "adduced that the de-

fendant was unfit for confinement in the State Forestry Camp for Boys and also unfit for confinement in the West Virginia Industrial School for Boys''; and it was accordingly ''ordered that the defendant be taken from the bar of this court to the State Penitentiary at Moundsville, therein to be kept and confined for the indeterminate period of 1 to 10 years, subject to the rules and regulations of that institution and that he be otherwise dealt with according to law.''

Though it appears that the relator was originally adjudged to be a delinquent by reason of his theft of two automobiles, it appears that the sentence to the penitentiary was upon a charge of ''breaking and entering.'' The order imposing such sentence was entered by the lower court as a juvenile court and recorded on the juvenile court records of that court. As has been stated above, it is admitted on behalf of the respondent that such sentence was imposed in the absence of a presentment or an indictment.

The decision of this case is controlled by the principles adjudicated in the case of *State ex rel. McGilton v. Adams, Warden,* 143 W. Va. 325, 102 S. E. 2d 145. In that case the Court held in the first point of the syllabus that ''a juvenile court is without authority to sentence a person to confinement in the penitentiary of this State.'' See also *State ex rel. Hinkle v. Skeen, Warden,* 138 W. Va. 116, 75 S. E. 2d 223. In the second point of the syllabus the Court held that the confinement of one in the state penitentiary ''for an offense for which there was no presentment or indictment by a grand jury violates the provisions of Article III, Section 4 of the Constitution of this State and is therefore void.'' Other pertinent language from the same opinion is as follows:

''* * * A 'Male youth under the age of 18 years' who has been ordered to confinement in the Industrial School For Boys cannot for the same offense be sentenced to the penitentiary of this State under the provisions of Code, 28-1-7, unless such youth

was committed to the industrial school upon conviction under a valid indictment or presentment of a grand jury for a felony. Even then such sentence may be imposed only by a court having criminal jurisdiction under the Constitution of this State or an Act of the Legislature. This relator was committed to the penitentiary without ever having been indicted by a grand jury, and by the sentence of a court which did not have jurisdiction of the case, even if there had been a valid indictment. Therefore, the confinement of the relator in the penitentiary for the offense for which he was apparently validly confined in the West Virginia Industrial School For Boys was without due process of law and illegal."

The Court holds that the attempted conviction by plea of guilty and the consequent sentence of the relator are void. The sentence to confinement in the penitentiary being void, the prisoner may be released from such confinement in this habeas corpus proceeding. *State ex rel. Browning v. Tucker, Warden,* 142 W. Va. 830, 98 S. E. 2d 740.

For the reasons stated herein the writ as prayed for is awarded, ordering the respondent, the Warden of the West Virginia Penitentiary, to release the relator forthwith.

*Writ awarded;*
*prisoner discharged.*