STATE *ex rel.* WILLIAM TAYLOR

*v.*

OTTO C. BOLES, *Warden, West Virginia Penitentiary*

(No. 12234)

Submitted April 30, 1963.                    Decided May 7, 1963.

702

*Mario J. Palumbo,* for relator.

*George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, JUDGE:

Upon application of the relator, William Taylor, this Court issued a writ of habeas corpus ad subjiciendum, returnable April 30, 1963, and appointed counsel to represent him before this Court. On the return day, the respondent appeared by George H. Mitchell, Assistant Attorney General, who stated in open court that the state would make no defense to the facts alleged in the petition and the case was submitted upon the petition and the brief filed in behalf of relator by appointed counsel.

The petition alleges that: Relator was indicted by the grand jury attending the September, 1957, term of the Intermediate Court of Kanawha County for the offense of breaking and entering on July ___, 1957; on October 14, 1957, he answered to said indictment, after waiving the assistance of counsel, by pleading guilty thereto; on February 11, 1959, relator was sentenced to an indeterminate term of one to

ten years in the penitentiary of this state, which sentence he is presently serving; and, at the time of the alleged commission of the offense on July ___, 1957, relator was under the age of sixteen years.

Attached to the petition, as exhibits, are: A certified copy of the birth certificate of relator showing the date of his birth to be August 14, 1941; a certified copy of an order of the Intermediate Court of Kanawha County, entered October 14, 1957, reciting the waiver of counsel and subsequent plea of guilty of relator to an indictment for felony (breaking and entering); and, a certified copy of an order of the Intermediate Court of Kanawha County, entered February 11, 1959, revoking the probation theretofore granted to relator and sentencing him to one to ten years in the penitentiary.

This case is controlled by the recent decision of this Court in *State of West Virginia ex rel. Roger Slatton* v. *Otto C. Boles, Warden, West Virginia Penitentiary,* 147 W. Va. 674, 130 S. E. 2d 192, decided April 2, 1963. In that case this Court held that a person under the age of sixteen years is incapable of committing a crime, except for a capital offense, and therefore exclusive jurisdiction is vested in the juvenile court and that such statutory provision, Chapter 49, Code, 1931, as amended, insofar as it is therein so provided, is not in conflict with Article VIII, Section 12 of the West Virginia Constitution giving circuit courts original and general jurisdiction of crimes and misdemeanors. The second, sixth and eighth syllabus points of the *Slatton* case are as follows:

> "2. The statutes embraced in Chapter 49, Code, 1931, as amended, are *in pari materia* and, when read together, show a clear legislative intent to protect and reclaim, rather than punish, a juvenile who committed an offense prior to his sixteenth birthday, and, except for a capital offense, to prohibit the trial of such juvenile in any court other than a juvenile court."

> "6. Where a person is tried in a court other than a juvenile court for an offense which he committed prior to his sixteenth birthday and is there convicted, such conviction is void for the reason that

such court had no jurisdiction over that offense, the jurisdiction thereover resting exclusively in the juvenile court."

"8. 'One imprisoned in consequence of a sentence which is void may obtain his release from such imprisonment by a habeas corpus proceeding.' Point 3, Syllabus, *State ex rel. Firestone* v. *Adams, Warden,* 145 W. Va. 194 [113 S. E. 2d 830]."

Upon the writ of habeas corpus heretofore issued, the respondent is directed forthwith to release the relator from confinement in the penitentiary of this state.

*Prisoner discharged.*