STATE *ex rel.* JOHN PAUL BROWNING

*v.*

OTTO C. BOLES, *Warden,*

WEST VIRGINIA PENITENTIARY

(No. 12274)

Submitted September 17, 1963. Decided September 24, 1963.

*Edward W. Hiserman,* for relator.

*C. Donald Robertson,* Attorney General, *J. Patrick Bower,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

In this original habeas corpus proceeding instituted in this Court the petitoner, John Paul Browning, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to discharge him from his present custody in that institution under a sentence of confinement for an indeterminate period of one year to ten years, entered by the Circuit Court of Logan County on June 28, 1962.

Upon the petition this Court issued a writ of habeas corpus returnable before this Court on September 17, 1963. At that time the defendant, appearing by an assistant attorney general, stated in open court that the State did not controvert the facts alleged in the petition and did not oppose the issuance of the writ. This proceeding was then submitted for decision upon the petition and the brief in behalf of the petitioner, who was represented by counsel previously appointed by this Court.

The petition alleges in substance that the petitioner at the may 1962 term of the Circuit Court of Logan County was indicted for a felony, namely, grand larceny of a 1955 Buick

two-door sedan of the value of $400.00; that subsequently the petitioner, who was not represented by counsel, entered a plea of guilty to the offense charged in the indictment, and on June 28, 1962, was sentenced to the penitentiary of this State for an indeterminate term of not less than one year nor more than ten years; that pursuant to the foregoing sentence the petitioner was committed to the penitentiary of this State at Moundsville where he is now serving such sentence of confinement; that at the time of the commission of the offense charged in the indictment and when he entered his plea of guilty and the foregoing sentence was imposed, he was under the age of sixteen years and was in fact fifteen years of age, having been born on January 27, 1947; that he is being unlawfully restrained and imprisoned in the penitentiary of this State for the reason that said Circuit Court of Logan County had no jurisdiction to prosecute and sentence him for the felonious offense of grand larceny, a noncapital offense, inasmuch as the petitioner was under the age of sixteen years at the time of the commission of the alleged offense; and that the judgment sentencing him to confinement in the penitentiary of this State is null and void. The prayer of the petition is that a writ of habeas corpus issue, requiring the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to produce the body of the petitioner before this Court, and that the petitioner be released from custody by the defendant as warden of the penitentiary of this State.

The decision in this proceeding is controlled by the recent decisions of this Court in *State ex rel. Slatton* v. *Boles,* 147 W. Va. 674, 130 S. E. 2d 192, and *State ex rel. Taylor* v. *Boles,* 147 W. Va. 701, 130 S. E. 2d 693. In those cases this Court held that a person under the age of sixteen years is incapable of committing a crime, except a capital offense; that exclusive jurisdiction to deal with such person is vested in the court having juvenile jurisdiction; and that the statute which vests such jurisdiction does not conflict with Section 12, Article VIII, of the Constitution of this State, which confers upon the circuit court original and general jurisdiction of crimes and misdemeanors.

Point 2 of the syllabus in the *Slatton* case, adopted and approved in the *Taylor* case, contains this language: "The statutes embraced in Chapter 49, Code, 1931, as amended, are *in pari materia* and, when read together, show a clear legislative intent to protect and reclaim, rather than punish, a juvenile who committed an offense prior to his sixteenth birthday, and, except for a capital offense, to prohibit the trial of such juvenile in any court other than a juvenile court."

Point 6 of the syllabus in the *Slatton* case, also adopted and approved in the *Taylor* case, is in this form: "Where a person is tried in a court other than a juvenile court for an offense which he committed prior to his sixteenth birthday and is there convicted, such conviction is void for the reason that such court had no jurisdiction over that offense, the jurisdiction thereover resting exclusively in the juvenile court."

This Court has repeatedly held that a judgment which is wholly void, or is void in part, is subject to collateral attack in a habeas corpus proceeding. *State ex rel. Browning* v. *Tucker*, 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Mick* v. *Coiner*, 142 W. Va. 710, 98 S. E. 2d 1; *State ex rel. Lovejoy* v. *Skeen*, 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940,75 S. Ct. 786, 99 L. Ed. 1268; *State ex rel. Vascovich* v. *Skeen*, 138 W. Va. 417, 76 S. E. 2d 283, certiorari denied, 346 U. S. 916, 74 S. Ct. 277, 98 L. Ed. 411; *State ex rel. Cain* v. *Skeen*, 137 W. Va. 806, 76 S. E. 2d 413; *Dye* v. v. *Skeen*, 135 W. Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *Scott* v. *Harshbarger*, 116 W. Va. 300, 180 S. E. 187; *Ex Parte Evans*, 42 W. Va. 242, 24 S. E. 888; *Ex Parte Mooney*, 26 W. Va. 36, 53 Am. Rep. 59. In *Ex Parte Evans*, 42 W. Va. 242, 24 S. E. 888, this Court said: "Where the imprisonment is under process or order that is void, as distinguished from irregular or erroneous, the writ of *habeas corpus* holds it for naught, disregards or ignores it as not furnishing warrant for imprisonment; but it does not operate directly on the void process or judgment by annulling or reversing it, like an appeal, writ of *certiorari*, or writ of error, but, as a collateral procedure, simply releases from the prison by

ignoring the alleged warrant for imprisonment." In point 3 of the syllabus in the case of *State ex rel. Firestone* v. *Adams*, 145 W. Va. 194, 113 S. E. 2d 830, also adopted and approved in the *Slatton* and *Taylor* cases, this Court held that "One imprisoned in consequence of a sentence which is void may obtain his release from such imprisonment by a *habeas corpus* proceeding."

Upon the undisputed facts in this proceeding and under the decisions of this Court, cited and referred to in this opinion, the petitioner is entitled to be forthwith discharged from the custody of the defendant to which he was committed by the judgment entered by the Circuit Court of Logan County on June 28, 1962.

The release of the petitioner from the custody of the defendant, however, shall in no wise operate to interfere with or prevent the Circuit Court of Logan County from exercising its juvenile court jurisdiction over the petitioner as provided by law.

For the reasons stated the writ of habeas corpus is awarded and the prisoner is discharged from the custody of the defendant.

*Writ awarded,*
*prisoner discharged.*