State *ex rel.* Norman Facemyer

*v.*

Otto C. Boles, *Warden,* West Virginia Penitentiary

(No. 12337)

Submitted June 2, 1964.      Decided June 30, 1964.

*John T. Poffenbarger,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

Berry, Judge:

This petition for a writ of *habeas corpus ad subjiciendum* was instituted under the original jurisdiction of this Court by Norman Facemyer, an inmate of the West Virginia State Penitentiary, for his release therefrom, because he alleges he is confined therein under a void sentence. A writ was issued by this Court on May 25, 1964, returnable June 2, 1964, and John T. Poffenbarger was appointed by the Court as attorney for the petitioner.

On the return day of the writ the petitioner appeared before this Court in the custody of the defendant, Otto C. Boles, Warden of the West Virginia State Penitentiary. When the case was called on the argument docket the

attorney for the defendant announced that the state did not wish to contest the matter and no answer or brief was filed on behalf of the defendant. The case was then submitted to the Court for decision on the brief of the petitioner.

At the April, 1961 Term of the Kanawha County Grand Jury the petitioner was indicted for the crime of robbery by striking and beating. On April 28, 1961, he pleaded guilty to said indictment when arraigned in the Intermediate Court of Kanawha County, and on July 14, 1961, was sentenced to a term of one to two years in the custody of the Commissioner of Public Institutions and assigned to a forestry camp from which he escaped. On September 15, 1961, he was sentenced by the Intermediate Court of Kanawha County to confinement in the West Virginia State Penitentiary for not less than five nor more than eighteen years.

It is the contention of the petitioner that he was sentenced for the crime commonly known as unarmed robbery as provided for in the second sentence of Code, 61-2-12, as amended by Chapter 25, Acts of the Legislature, Regular Session, 1961, which was passed by the Legislature on March 10, 1961, effective ninety days from passage. This amendment changed the penalty for the crime commonly known as unarmed robbery under the second sentence of Code, 61-2-12, as amended, from confinement in the penitentiary of not less than five years, the penalty in effect at the time of the commission of the crime by Facemyer, to confinement in the penitentiary for not less than five nor more than eighteen years. Therefore, he urges, the sentence under which he is confined in the penitentiary is void, because it did not conform to the sentence provided for by the statute at the time the crime was committed.

This position, if applicable to this case, is well taken, because it has been consistently held that where a definite sentence is provided for at the time of the commission of a crime, and the statute is later amended by the legislature providing for an indeterminate sentence which is

imposed upon a person convicted of such crime, wherein the maximum limit of the indeterminate sentence is more than the minimum provided for in the statute at the time the crime was committed, such sentence is void. *Ruben v. Welch,* 159 F. 2d 493; *State* v. *Fisher,* 126 W. Va. 117, 27 S. E. 2d 581; *State ex rel. Truslow* v. *Boles,* decided at this term of Court; *Lindsey* v. *Washington,* 301 U. S. 397, 57 S. Ct. Rep. 797, 81 L. Ed. 1182.

It appears, however, from the record in this case, that the petitioner was indicted for the commission of an offense which is contained in the first sentence of Code, 61-2-12, as amended; that he pleaded guilty to the charge contained in the indictment, and the penalty for such an offense at the time of the commission of the crime in question in this case was the confinement in the penitentiary for a period of not less than ten years; that when the statute was amended by Chapter 25, Acts of the Legislature, Regular Session, 1961, passed on March 10, 1961, it did not change the penalty for such crime, and the sentence imposed upon the petitioner should have conformed to the provisions of the statute in effect at the time of the commission of the crime and at the time he was sentenced. The statute in question, Code, 61-2-12, as amended, in effect at the time of the commission of the crime, reads as follows: "If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, *or by striking or beating,* or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five years." [Italics supplied]

The other paragraph of this section relates to robbery of banks and is not pertinent to the case at bar. If the crime is committed in the manner described in the first sentence of the first paragraph quoted above, it has been

commonly called armed robbery, which is not an accurate description of the crime, because the commission of the crime may be done in other ways other than by one who is armed. If the crime is committed in the manner described in the second sentence of the first paragraph of Code, 61-2-12, as amended, it is commonly called unarmed robbery. See *State ex rel. Vandal* v. *Adams,* 145 W. Va. 566, 115 S. E. 2d 489.

It has been held by this Court that robbery by striking or by beating, or by other violence of the person comes under the crime described in the first sentence of the first paragraph of Code, 61-2-12, as amended. *State ex rel. Vascovich* v. *Skeen,* 138 W. Va. 417, 76 S. E. 2d 283. Cert. den. 74 S. Ct. 277, 346 U. S. 916, 98 L. Ed. 411.

After the amendment of the Legislature by Chapter 25, Acts of the Legislature, Regular Session, 1961, the first paragraph of Code, 61-2-12, as amended, reads as follows: "If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, *or by striking or beating,* or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five nor more than eighteen years." [Emphasis supplied]

The indictment under which Norman Facemyer was indicted by the Kanawha County Grand Jury reads in part as follows: "Norman Facemyer and * * * on the _____ day of March, 1961, in said County of Kanawha, in and upon one Ronald Eggleton, unlawfully and feloniously did make an assault; and him, the said Ronald Eggleton, unlawfully and feloniously *did strike and beat* and do violence to his person, and him, the said Ronald Eggleton, in bodily fear feloniously did put, and * * * money

goods and chattels of the said Ronald Eggleton, * * * unlawfully, feloniously and violently did steal, take and carry away." [Emphasis supplied]

It can clearly be determined from the above quoted provisions of the statute in effect at the time of the commission of the crime in question, Code, 61-2-12, as amended, and the wording of the indictment herein quoted, to which the petitioner pleaded guilty as charged, that the sentence imposed upon him should have been a definite sentence of not less than ten years. The sentence imposed upon him of not less than five nor more than eighteen years did not comply with the statute, and is therefore void. *Lee Lim* v. *Davis,* 75 Utah 245, 284 P. 323, 76 A.L.R. 460; *State ex rel. Nicholson* v. *Boles,* 148 W. Va. 229, 134 S. E. 2d 576.

Where a sentence under which a person is confined to the penitentiary is void, a writ of habeas corpus will be granted to afford his release from such confinement. *State ex rel. Soto* v. *Adams,* 145 W. Va. 591, 115 S. E. 2d 497; *State ex rel. Slatton* v. *Boles,* 147 W. Va. 674, 130 S. E. 2d 192; *State ex rel. Taylor* v. *Boles,* 147 W. Va. 701, 130 S. E. 2d 693; *State ex rel. Browning* v. *Boles,* 147 W. Va. 878, 132 S. E. 2d 505; *State ex rel. Nicholson* v. *Boles, supra; State ex rel. Truslow* v. *Boles,* decided at this term of Court.

However, in such cases the writ is awarded without prejudice to the right of the State of West Virginia to proceed against the petitioner in any lawful manner as provided by law. *State ex rel. Nicholson* v. *Boles, supra; State ex rel. Truslow* v. *Boles,* decided at this term of Court.

For the reasons stated herein, the writ is granted and the petitioner is hereby released from confinement in the state penitentiary under the void judgment rendered by the Intermediate Court of Kanawha County. However, the writ is granted without prejudice to the right of the State of West Virginia to proceed against the petitioner in any lawful manner as provided by law.

*Writ granted.*