STATE *ex rel.* CLAUDE W. TRUSLOW

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12333)

Submitted June 2, 1964.          Decided June 30, 1964.

*John T. Poffenbarger,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

This habeas corpus proceeding was instituted under the original jurisdiction of this Court by the Petitioner Claude W. Truslow, and on May 18, 1964, a writ of *habeas corpus ad subjiciendum* was granted returnable June 2, 1964. John T. Poffenbarger, Charleston, West Virginia, was appointed counsel for the petitioner.

The petitioner appeared before this Court on the return day of the writ in the custody of the defendant, Otto C. Boles, Warden of the West Virginia State Penitentiary. No answer or brief was filed on behalf of the defendant,

and when the case was called on the argument docket the attorney for the defendant announced that the state did not wish to contest the matter and the case was submitted to the Court for decision on the brief of counsel for the petitioner.

The petitioner was indicted by the Kanawha County Grand Jury at the January 1961 Term for the offense of armed robbery. On May 15, 1961, he pleaded guilty to the offense of unarmed robbery and was committed to the custody of the West Virginia Board of Control for a period of from one to two years. On August 9, 1962, he was placed on probation for a period of two years. After violating the conditions of his probation, such probation was revoked and he was sentenced by the Intermediate Court of Kanawha County on March 13, 1964, to an indeterminate sentence of confinement in the West Virginia State Penitentiary of from five to eighteen years, with credit given for the time spent in the forestry camp which was under the jurisdiction of the Board of Control.

The crime involved in this case was committed in January, 1961, at which time Code, 61-2-12, as amended, provided that after a conviction of the crime of unarmed robbery a person so convicted should be confined in the West Virginia State Penitentiary for a period of not less than five years. On March 10, 1961, the West Virginia Legislature, by Chapter 25, Acts of the Legislature, Regular Session, 1961, amended Code, 61-2-12, changing the penalty for the crime of unarmed robbery to confinement in the penitentiary for not less than five years nor more than eighteen years.

It is the position of the petitioner that the sentence imposed upon him in March, 1964, is illegal and void, because it is a different sentence than the one provided for and in effect at the time of the commission of the crime in January, 1961, that the sentence under which he is confined in the penitentiary is a harsher sentence than the one provided for and in effect at the time of the commission of the crime, and that such sentence was imposed under an *ex post facto* law, in violation of Article III, Sec-

tion 4 of the Constitution of West Virginia, and Article I, Sections 9 and 10 of the Constitution of the United States. The prisoner contends that the sentence under which he is confined is more onerous than was provided for at the time of the commission of the crime because he may only have been sentenced to five years under the provisions of the statute in effect at the time the crime was committed, whereas, he has not only been sentenced to five years but also an indeterminate term of eighteen years, and that even if he should be released on parole after having served the minimum term of five years he would still be under the supervision of the West Virginia Board of Probation and Parole and would also be subject to a revocation of his parole and returned to the penitentiary for violation of the conditions of his parole.

It has been held that where the statute provides for a definite sentence and an indeterminate sentence is imposed, such sentence is void. *Lee Lim* v. *Davis*, 75 Utah 245, 284 P. 323, 76 A.L.R. 460.

The Supreme Court of the United States held in the case of *Lindsey* v. *Washington*, 301 U. S. 397, 57 S. Ct. Rep. 797, 81 L. Ed 1182, that a state statute making more onerous the standard of punishment for a crime committed before its enactment is void.

If the sentence under which a person is confined to the penitentiary is void, a writ af habeas corpus will be granted to release him from such imprisonment. *State ex rel. Soto* v. *Adams*, 145 W. Va. 591, 115 S. E. 2d 497; *State ex rel. Slatton* v. *Boles*, 147 W. Va. 674, 130 S. E. 2d 192; *State ex rel. Taylor* v. *Boles*, 147 W. Va. 701, 130 S. E. 2d 693; *State ex rel. Browning* v. *Boles*, 147 W. Va. 878, 132 S. E. 2d 505.

It has been consistently held that where a statute provides for a definite sentence at the time of the commission of the crime and such statute is later changed by the legislature providing for an indeterminate sentence under which the sentence was imposed wherein the maximum limit of the indeterminate sentence imposed is more than

the minimum provided for at the time of the commission of the crime, such sentence is void. *Ruben v. Welch,* 159 F. 2d 493; *State v. Fisher,* 126 W. Va. 117, 27 S. E. 2d 581; *Lindsey v. Washington, supra.*

The question involved in the case at bar is answered in the recent case of *State ex rel. Nicholson v. Boles,* 148 W. Va. 229, 134 S. E. 2d 576, in which numerous authorities dealing with this question are collected and cited. In the *Nicholson* case the petitioner was sentenced to an indeterminate sentence of not less than ten years nor more than twenty years when the statute which applied to the crime for which he was convicted provided for a definite sentence of not less than ten years. It was held in that case that the sentence was void and the petitioner was entitled to the writ requiring his release from the penitentiary, but the writ was awarded without prejudice to the right of the State of West Virginia to proceed further in any lawful manner against the petitioner as provided by law.

Under the authorities cited herein it is clear that the sentence under which the petitioner Claude W. Truslow is now confined in the state penitentiary is void and he should therefore be released from such imprisonment by a writ of habeas corpus. The writ is hereby awarded without prejudice to the right of the State of West Virginia to take any further proceedings against the petitioner as provided by law.

*Writ awarded.*