STATE *ex rel.* DONALD EDWARD MUNDY

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 12344)

Submitted June 23, 1964.            Decided July 7, 1964.

*John T. Poffenbarger,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

This petition for a writ of *habeas corpus ad subjiciendum* was filed under the original jurisdiction of this Court by Donald Edward Mundy, an inmate of the West Virginia Penitentiary, praying for his release therefrom on the ground that he is illegally confined therein under a void sentence from the Intermediate Court of Kanawha County. A writ was granted by this Court on June 16, 1964, returnable to June 23, 1964, at which time the case was submitted for decision.

The petitioner was indicted by the Grand Jury of Kanawha County, West Virginia, at the 1961 June Term of the Intermediate Court for the crime of robbery by striking and beating. On July 10, 1961, he pleaded guilty as charged in the indictment, and on July 14, 1961, the Intermediate Court of Kanawha County ordered him committed to a forestry camp. The petitioner violated the conditions of the commitment to the forestry camp and on May 21, 1962, the Court sentenced him to confinement in the state penitentiary for an indeterminate term of not less than five years nor more than eighteen years, with credit given for the time spent in the forestry camp, which sentence was to run concurrently with another sentence of not less than one year nor more than ten years imposed upon the petitioner for the crime of forgery for which he was convicted at the same

term of Court as the crime involved in this proceeding.

The petitioner was sentenced, according to the order of the Intermediate Court, for the crime of "unarmed robbery," as provided for in the second sentence of Code, 61-2-12, as amended by Chapter 25, Acts of the Legislature, Regular Session, 1961, which was passed by the legislature on March 10, 1961, effective ninety days from passage. This amendment changed the penalty for the crime commonly known as unarmed robbery under the second sentence of Code, 61-2-12, as amended, from confinement in the penitentiary of not less than five years to confinement in the penitentiary for not less than five years nor more than eighteen years. At the time the crime was committed in May, 1961, the amendment had not become effective and the penalty provided for at that time was confinement in the penitentiary of not less than five years.

It is the contention of the petitioner that the sentence imposed upon him is void, because it did not conform to the sentence provided for by the statute at the time the crime was committed.

It has been consistently held that where a definite sentence is provided for at the time of the commission of a crime, and the statute is later amended by the legislature providing for an indeterminate sentence which is imposed upon a person convicted of such crime, wherein the maximum limit of the indeterminate sentence is more than the minimum provided for in the statute at the time the crime was committed, such sentence is void. *Ruben* v. *Welch,* 159 F. 2d 493; *State* v. *Fisher,* 126 W. Va. 117, 27 S. E. 2d 581; *State ex rel. Truslow* v. *Boles,* decided at this term of Court; *Lindsey* v. *Washington,* 301 U. S. 397, 57 S. Ct. Rep. 797, 81 L. Ed. 1182. However, this is not the situation involved in the case at bar.

It appears from the record in this case that the petitioner was indicted for the commission of an offense provided for in the first sentence of Code, 61-2-12, as amended; that he pleaded guilty to the charge contained in the indictment, and the penalty for such an offense at the time of the com-

mission of the crime in question was confinement in the penitentiary for a period of not less than ten years. When the statute was amended by Chapter 25, Acts of the Legislature, Regular Session, 1961, passed on March 10, 1961, it did not change the penalty for such crime, and the sentence imposed upon the petitioner should have conformed to the provisions of the statute in effect at the time of the commission of the crime and not at the time he was sentenced. The statute in question, Code, 61-2-12, as amended, in effect at the time of the commission of the crime, reads as follows:

> "If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, *or by striking or beating,* or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five years." [Italics supplied]

The other paragraph of this section relates to robbery of banks and is not pertinent to the case at bar. If the crime is committed in the manner described in the first sentence of the first paragraph quoted above, it has been commonly called armed robbery, which is not an accurate description of the crime, because the commission of the crime may be done in ways other than by use of firearms. If the crime is committed in the manner described in the second sentence of the first paragraph of Code, 61-2-12, as amended, it is commonly called unarmed robbery. See *State ex rel. Vandal* v. *Adams,* 145 W. Va. 566, 115 S. E. 2d 489.

It has been held by this Court that robbery by striking or by beating, or by other violence of the person comes under the crime described in the first sentence of the first paragraph of Code, 61-2-12, as amended. *State ex rel. Vas-*

*covich* v. *Skeen*, 138 W. Va. 417, 76 S. E. 2d 283. (Cert. den. 74 S. Ct. 277, 346 U. S. 916, 98 L. Ed. 411).

After the amendment of the law by Chapter 25, Acts of the Legislature, Regular Session, 1961, the first paragraph of Code, 61-2-12, as amended, reads as follows:

> "If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, *or by striking or beating,* or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five nor more than eighteen years." [Emphasis supplied]

The indictment under which the petitioner was indicted by the Grand Jury in the Intermediate Court of Kanawha County, West Virginia, reads in part as follows:

> "DONALD EDWARD MUNDY, on the ____ day of May, 1961, in said County of Kanawha, in and upon one Patricia Dayhaw, unlawfully and feloniously did make an assault, and her, the said Patricia Dayhaw, unlawfully and feloniously did threaten and did strike, beat and do violence to her person, and her, the said Patricia Dayhaw, in bodily fear feloniously did put three Dollars in lawful United States currency of the value of $3.00, and one purse of the value of $9.00, a more particular description being to the Grand Jurors unknown, all of the value of $12.00, of the money, goods and chat*tles* of the said Patricia Dayhaw, and lawfully in her control and custody, from the person and against the will of the said Patricia Dayhaw, then and there, to-wit on the day and year aforesaid, in the County aforesaid, unlawfully, feloniously and violently did steal, take and carry away, against the peace and dignity of the State."

This case, with the exception of the concurrent sentence, is identical with the case of *State ex rel. Norman Facemyer*

v. *Otto C. Boles, Warden, West Virginia Penitentiary,* decided at this term of Court, and as stated in that case, it can be clearly determined from the above quoted provisions of the statute in effect at the time of the commission of the crime in question, Code, 61-2-12, as amended, and the wording of the indictment herein quoted, to which the petitioner pleaded guilty as charged in the indictment, that the sentence imposed upon him should have been a definite sentence of not less than ten years. The sentence imposed upon him of not less than five nor more than eighteen years did not comply with the statute, and is therefore void. *Lee Lim* v. *Davis,* 75 Utah 245, 284 P. 323, 76 A.L.R. 460; *State ex rel. Nicholson* v. *Boles,* 148 W. Va. 229, 134 S. E. 2d 576.

Where a sentence under which a person is confined to the penitentiary is void, a writ of habeas corpus will be granted to release him from such confinement. *State ex rel. Soto* v. *Adams,* 145 W. Va. 591, 115 S. E. 2d 497; *State ex rel. Slatton* v. *Boles,* 147 W. Va. 674, 130 S. E. 2d 192; *State ex rel. Taylor* v. *Boles,* 147 W. Va. 701, 130 S. E. 2d 693; *State ex rel. Browning* v. *Boles,* 147 W. Va. 878, 132 S. E. 2d 505; *State ex rel. Truslow* v. *Boles,* decided at this term of Court; *State ex. rel. Facemyer* v. *Boles,* decided at this term of Court.

However, in cases of like nature as the one at bar, the writ is awarded without prejudice to the right of the State of West Virginia to proceed against the petitioner in any lawful manner as provided by law. *State ex rel. Nicholson* v. *Boles, supra; State ex rel. Truslow* v. *Boles,* decided at this term of Court; *State ex rel. Facemyer* v. *Boles,* decided at this term of Court.

For the reasons stated herein, the writ is granted and the petitioner is released from confinement as far as it applies to the void sentence of five to eighteen years imposed upon him in connection with his conviction on the robbery indictment, subject to the right of the State of West Virginia to proceed further against him in relation to that indictment in any manner provided by law.

Notwithstanding the awarding of the writ in this case, the petitioner will not be released from his confinement and

discharged from the penitentiary, because, as stated herein, he was sentenced to confinement of not less than one year nor more than ten years on a charge of forgery on May 21, 1962, for which he had been previously convicted. The validity of the forgery sentence has not been questioned in any manner; and the disposition of this habeas corpus proceeding relating to the void sentence of not less than five years nor more than eighteen years for robbery and the awarding of the writ in relation thereto, does not in any manner affect the validity of the sentence of not less than one nor more than ten years for forgery and the confinement therefor in the penitentiary.

*Writ granted.*