STATE *ex rel.* LEONARD ARTHUR BURDETTE

*v.*

OTTO C. BOLES, *Warden, etc.*

(No. 12341)

Submitted June 23, 1964.          Decided July 7, 1964.

*John T. Poffenbarger,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

In this original proceeding in habeas corpus, Leonard Arthur Burdette seeks to require Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from his confinement in the penitentiary under an indeterminate sentence of from five to eighteen years imposed by the Intermediate Court of Kanawha County upon his plea of guilty to an indictment pending in that court.

The decision of this case is governed by the decision of this Court in *State ex rel. Donald Edward Mundy* v. *Otto C. Boles, Warden, West Virginia Penitentiary.* The opinion in that case and the opinion in the present case are announced simultaneously.

Leonard Arthur Burdette and Donald Edward Mundy were jointly indicted in the Intermediate Court of Kanawha County for the robbery of Patricia Dayhaw in May, 1961. They entered their several pleas of guilty to the indictment on July 10, 1961. On July 27, 1962, Leonard Arthur Burdette, pursuant to his previous plea of guilty to the robbery indictment, was sentenced to confinement in the penitentiary for an indeterminate period of not less than five nor more than eighteen years. On the same date, Leonard Arthur Burdette, pursuant to a previous plea of guilty to an indictment charging grand larceny, was sentenced by the same court to confinement in the penitentiary for an indeterminate period of not less than one nor more than ten years. The validity of the sentence for grand larceny has not been

questioned. Court orders provided that the two sentences should be served concurrently.

For reasons stated in the opinion in the *Mundy* case, the Court holds that the indeterminate sentence of not less than five nor more than eighteen years under the robbery indictment is void; and that the prisoner may be released in this habeas corpus proceeding from confinement under that sentence, without prejudice to the right of the state to proceed further against him in any proper manner, pursuant to his plea of guilty to the robbery indictment.

For reasons stated, the writ of habeas corpus will be granted in relation to the void sentence of not less than five years nor more than eighteen years; but the prisoner will not be released from imprisonment in the penitentiary pursuant to the sentence of not less than one nor more than ten years, the validity of which has not been questioned.

*Writ awarded.*