STATE *ex rel.* LEWIS M. RUCKER

*v.*

OTTO C. BOLES, *Warden, etc.*

(No. 12381)

Submitted November 10, 1964.   Decided December 15, 1964.

*Steptoe & Johnson, Thomas McHugh,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

In this habeas corpus proceeding instituted in this Court pursuant to its original jurisdiction in cases of this type, the prisoner, Lewis Mack Rucker, seeks to be released from confinement in the state penitentiary under an indeterminate sentence of from five to eighteen years pronounced on May 5, 1961, by the Intermediate Court of Kanawha County following a conviction of a charge of robbery.

In the petition and supporting brief filed in behalf of the prisoner, an indigent person, by counsel appointed by the Court, it is contended that the indeterminate sentence of five to eighteen years was one not authorized by statute and that, therefore, it is void. A return filed in behalf of the respondent, the warden, admits that the sentence imposed is one which was not authorized by statute and that, therefore, the sentence is invalid. The return alleges, however, that the prisoner is also currently serving in the state penitentiary a valid sentence resulting from his conviction of a charge of arson. The validity of the arson sentence has not been questioned in this proceeding.

The robbery indictment was returned by a grand jury at the April, 1961, term of the Intermediate Court of Kanawha County. On April 13, 1961, the prisoner, with the permission of the court, entered a plea of guilty to the charge commonly referred to as "unarmed robbery," as charged in the indictment. See *State ex rel. Facemyer* v. *Boles, etc.,* 148 W. Va. 702, 137 S. E. 2d 237; *State ex rel. Vandal* v. *Adams, etc.,* 145 W. Va. 566, 115 S. E. 2d 489. The indictment charged that the robbery occurred "on the ____ day of February,

1961." On May 5, 1961, the prisoner was sentenced to confinement in the state penitentiary for an indeterminate period of five to eighteen years.

At the time of the commission of the robbery as alleged in the indictment, at the time the indictment was returned, at the time the plea of guilty was entered and at the time the sentence of five to eighteen years was, pronounced, the penalty for "unarmed robbery" was one for a definite period of "not less than five years." Code, 1931, 61-2-12.

On March 10, 1961, the legislature amended and reenacted the statute so as to change the penalty for "unarmed robbery" from a definite period of not less than five years to an indeterminate period of "not less than five nor more than eighteen years." Chapter 25, Acts of the Legislature, Regular Session, 1961. This amendment did not become effective until ninety days from the date of its passage. It is obvious, therefore, that the amendment had not become effective even at the time sentence was imposed upon the prisoner.

From prior decisions of this Court, it is clear that the sentence of not less than five years nor more than eighteen years was one not authorized by statute and that, therefore, it is void; that such sentence, being a nullity, may be superseded by a valid sentence; and that the prisoner is entitled to be released from confinement pursuant to the void sentence, but without prejudice to the right of the state to proceed in a proper manner to have a valid sentence imposed upon him. In the event a new and valid sentence is imposed, the trial court will have the right and authority to give credit on such sentence for the period of time the prisoner shall have served pursuant to the void sentence. *State ex rel. Powers* v. *Boles, Warden, etc.,* 149 W. Va. 6, 138, S. E. 2d 159; *State ex rel. Truslow* v. *Boles, Warden, etc.,* 148 W. Va. 707, 137 S. E. 2d 235; *State ex rel. Facemyer* v. *Boles, Warden, etc.,* 148 W. Va. 702, 137 S. E. 2d 237; *State ex rel. Mundy* v. *Boles, Warden, etc.,* 148 W. Va. 752, 137 S. E. 2d 240; *State ex rel. Burdette* v. *Boles, Warden, etc.,* 148 W. Va. 758, 137 S. E. 2d 244; *State ex rel. Boner* v. *Boles, Warden, etc.,* 148 W. Va. 802, 137 S. E. 2d 418; *State ex rel. Nicholson* v. *Boles, Warden, etc.,* 148 W. Va. 229, 134 S. E. 2d 576.

Notwithstanding the fact that the robbery sentence is void and cannot afford any legal basis or authority for further confinement of the prisoner, the fact remains that the prisoner is now lawfully confined in the penitentiary pursuant to his sentence upon the charge of arson, the validity of which sentence has not been questioned. The prisoner is, therefore, remanded to the custody of the Warden of the state penitentiary.

*Prisoner remanded.*