**FILED**

**June 7, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0765 – *State of West Virginia v. David Gilbert Riffle*

WOOTON, Justice, dissenting:

I respectfully dissent from the majority's precipitous retreat from the bright-line test established by this Court in *State v. Gwinn*, 169 W. Va. 456, 288 S.E.2d 533 (1982): "Upon a defendant's conviction at retrial following prosecution of a successful appeal, imposition by the sentencing court of an increased sentence violates due process and the original sentence must act as a ceiling above which no additional penalty is permitted." *Id*. at 456, 288 S.E.2d at 534, Syl. Pt. 1, in part. We further held in *State v. Eden*, 163 W. Va. 370, 256 S.E.2d 868 (1979), that

> [i]n West Virginia a person convicted of a crime is entitled to the right to appeal his conviction and a denial of that right constitutes a violation of both federal and state due process clauses and renders the conviction void. It is clear to us that when a defendant refuses to prosecute an appeal to which he is entitled by law for fear he will receive a heavier sentence on retrial, he has been denied his right to appeal. The decision not to appeal is the defendant's but the necessity of making the decision is forced upon him by the State. The State is in effect imposing conditions upon the defendant's right to appeal by telling him that he has the right, but that by exercising it he risks a harsher sentence.

*Id*. at 381-82, 256 S.E.2d at 875.

The holdings in these cases were influenced, if not dictated, by *North Carolina v. Pearce*, 395 U.S. 711 (1969), in which the United States Supreme Court recognized that "since the fear of such vindictiveness [on remand] may unconstitutionally

1

deter a defendant's exercise of the right to appeal[,]" *id*. at 725, the reasons for imposing a more severe sentence after a new trial "must affirmatively appear . . . [and] must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id*. at 726 (emphasis added). Twenty years after *Pearce* was issued, it was reversed in *Alabama v. Smith*, 490 U.S. 794 (1989), where the Supreme Court found that *Pearce* had, in effect, established a presumption of vindictiveness, and that henceforth

> [a]pplication of that presumption is limited to circumstances in which there is a "reasonable likelihood" that an unexplained increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the defendant has the burden of proving actual vindictiveness without aid of a presumption.

*Id*. at 799.

*Smith* effectively dismantled the federal constitutional underpinning of this Court's decisions in *Eden* and *Gwinn*; however, both of those cases relied not only on amendments V and XIV of the United States Constitution but also on article III, section 10 of the West Virginia Constitution. *See Eden*, 163 W. Va. at 381-82, n.14, 256 S.E.2d at 875, n.14. In that regard, it is well established in our precedents that this Court has the authority to "interpret [the West Virginia] Constitution to require higher standards of protection than afforded by comparable federal constitutional standards," *Pauley v. Kelly*, 162 W. Va. 672, 679, 255 S.E.2d 859, 864 (1979) (internal citation omitted); *see also State v. Mullens*, 221 W. Va. 70, 89, 650 S.E.2d 169, 188 (2007) ("'This Court has determined

repeatedly that the West Virginia Constitution may be more protective of individual rights than its federal counterpart.' *State ex rel. Carper v. West Virginia Parole Bd.,* 203 W.Va. 583, 590 n. 6, 509 S.E.2d 864, 871 n. 6 (1998). In other words, we may 'interpret state constitutional guarantees in a manner different than the United States Supreme Court has interpreted comparable federal constitutional guarantees.' *Peters v. Narick,* 165 W.Va. 622, 628 n. 13, 270 S.E.2d 760, 764 n. 13 (1980).'"); *State v. Osakalumi*, 194 W. Va. 758, 766, 461 S.E.2d 504, 512 (1995) ("we have previously set our state constitutional protections, in some instances, at a higher level than that accorded by the federal constitution[.]").

In my view, our state due process clause – which has been succinctly described as "synonymous with fundamental fairness," *State ex rel. Peck v. Goshorn*, 162 W. Va. 420, 422, 249 S.E.2d 765, 766 (1978) – is sufficiently sturdy to bear the weight of *Gwinn*'s bright-line test: on remand after a successful appeal, "the original sentence must act as a ceiling above which no additional penalty is permitted." *Gwinn*, 169 W. Va. at 456, 288 S.E.2d at 534, Syl. Pt. 1, in part. Indeed, as recently as two years ago a majority of this Court not only upheld the continuing vitality of *Gwinn* and *Eden*, but also *extended* the protections afforded in those cases to a situation where the defendant's original sentence of incarceration had been suspended, but his sentence of incarceration on remand was not.

> Applying the *Eden* protections in this case, we agree with Mr. Varlas that the 2018 Order imposes a heavier penalty than the 2014 Order because it fails to suspend his ten-to-twenty-five year sentence in favor of five years' probation. To conclude otherwise would be to perpetuate an untenable reading

3

of *Eden* that would allow defendants who are given lighter punishments like probation to risk the loss of the lighter punishments if reconvicted post-appeal. That possibility would undeniably lead many defendants to forgo an appeal. That is clearly in conflict with our express statement in *Eden* that when a defendant declines to appeal his conviction out of fear of receiving a heavier punishment, the defendant's due process rights have been violated because his or her right to an appeal has been denied.

*State v. Varlas*, 243 W. Va. 447, 456, 844 S.E.2d 688, 697 (2020) (footnote omitted).[1]

Today, however, the Court finds that four decades of precedent are wholly distinguishable for two reasons: first, because the petitioner will not be "*retried* and *reconvicted*"[2] of the underlying offenses; and second, because the petitioner's successful appeal was from an illegal sentence which, "being a nullity, may be superseded by a valid sentence[.]" *State ex rel. Rucker v. Boles*, 149 W. Va. 190, 192, 139 S.E.2d 265, 267 (1969). These factual distinctions are distinctions without a difference, however, to the *ratio decidendi* of our line of cases stretching from *Eden* to *Varlas*: if this Court allows a petitioner to receive a harsher sentence on remand from a successful appeal, "[t]he State is

---

[1] In *Varlas*, the Court overruled its earlier decision in *State v. Workman*, No. 13-0133, 2014 WL 6183989 (W. Va. Nov. 26, 2013) (memorandum decision) (concluding that a sentence of supervised probation, imposed by the circuit court following a trial de novo, was no harsher than the sentence of unsupervised probation that had been imposed by a magistrate). *Varlas*, 243 W. Va. at 456, 844 S.E.2d at 697.

[2] The majority's emphasis on the words "retried" and "reconvicted" is apparently intended to suggest that this point was critical to the Court's decision in *Varlas*. However, nothing in our precedents, including *Varlas*, suggests that due process of law is afforded only to those individuals who successfully appeal the legality of their convictions, not to those who successfully appeal the legality of their sentences.

4

in effect imposing conditions upon the defendant's right to appeal by telling him that he has the right, but that by exercising it he risks a harsher sentence." *Eden*, 163 W. Va. at 382, 256 S.E.2d at 875.

Finally, the majority notes that pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure,[3] an illegal sentence may be corrected on motion of the defendant or the State, or by the circuit court sua sponte. Although true, this is irrelevant, since none of this happened in the instant case. Rather, the petitioner successfully challenged the legality of his sentence on appeal to this Court, after which the circuit court imposed a sentence significantly greater than the sentence it replaced – an outcome that marks a radical departure from our precedents and is fundamentally unfair.

It cannot be denied that the Court's ruling today will have a chilling effect on future defendants' constitutional right to appeal the legality of their sentences. For this reason, I respectfully dissent.

---

[3] Rule 35(a) provides, in relevant part, that "[t]he court may correct an illegal sentence at any time[.]"