## COOPER et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 4, 1925.)

No. 4281.

1. **Criminal law** &#8656;406(4)—**Voluntary admissions by defendants at preliminary hearing held properly admitted.**

In prosecution for feloniously transporting stolen automobile, evidence as to admissions voluntarily made by defendants at preliminary hearing before United States commissioner held properly admitted.

2. **Witnesses** &#8656;219(3)—**Attorney's testimony as to confidential admissions by defendants held not improperly admitted.**

Where defendants' testimony admitted of inference that they had pleaded guilty for purpose of enabling confederate to "get out," in part at least because, or as a result, of implied advise of attorney, it was not error to permit attorney to testify that they had admitted offense to him and told him they wanted to enter pleas of guilty.

3. **Witnesses** &#8656;219(3)—**Rule forbidding attorney to divulge communications from client may be and is waived by client who divulges what he claims are such communications.**

Rule forbidding attorney to divulge matters communicated to him by client in course of professional employment may be and is waived by client, when, in an attempt to avoid responsibility, client divulges what he claims were communications between himself and attorney, especially when his version of what transpired reflects on attorney and calls for explanation.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Harry Cooper and James Odom were convicted of feloniously transporting a stolen automobile from one state to another, and they bring error. Affirmed.

M. L. Tallant, of Memphis, Tenn. (W. P. Lopez, of Memphis, Tenn., on the brief), for plaintiffs in error.

S. E. Murray, U. S. Atty., of Memphis, Tenn. (W. H. Fisher and A. A. Hornsby, Asst. U. S. Attys., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. Cooper and Odom were convicted on an indictment charging them with feloniously transporting a stolen automobile from Edwards, Miss., to Memphis, Tenn.

Counsel for the convicted men insist upon three of the errors assigned. The first relates to the substance of the evidence, in respect to which it is enough to say that it was sufficient to support the verdict. The other two pertain to the admissibility of certain evidence, it being contended that error was committed in permitting proof of admissions made by plaintiffs in error at the preliminary hearing before the United States commissioner, and also in permitting counsel who represented them at that hearing to testify to their confidential communications with him.

[1, 2] The admissions made at the open hearing before the commissioner were clearly competent because wholly voluntary. The testimony of the attorney was introduced after plaintiffs in error had testified that they had been advised by him and by Joe Higdon, who was jointly charged with them, that one of the three could get out (and, as said by one of the plaintiffs in error, that "it would be better to get one out than for all three to go up"), and that Higdon advised that plaintiffs in error, being younger than he, should accept responsibility, enter pleas of guilty, let him out, and they would subsequently be able to get out. One plaintiff in error testified, in effect, that he admitted his guilt before the commissioner because Higdon told him he would get them out. The other testified he acted on the advice of the attorney. It was the permissible inference from this testimony that plaintiffs in error claimed to have pleaded guilty in part at least because, or as a result, of the implied advice of the attorney that they do so. The attorney was then called as a witness and permitted to say that he did not advise plaintiffs in error to accept responsibility and relieve Higdon, that they admitted to him that they had taken the automobile and told him they wanted to enter pleas of guilty. These disclosures were necessarily a part of the witness' denial that he had advised them to enter pleas of guilty.

[3] The rule which forbids an attorney from divulging matters communicated to him by his client in the course of professional employment is for the benefit of the client. But it may be waived by the client; and when a client, in attempting to avoid responsibility for his acts, as in this case, divulges in his testimony what he claims were communications between himself and his attorney, and especially when his version of what transpired reflects upon the attorney, the reason for the rule ceases to exist, and the attorney is at liberty to divulge the communications about which the client has testified. Hunt v. Blackburn, 128 U. S. 464, 9 S. Ct. 793, 33 L. Ed. 215.

The judgment is affirmed.