IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 15, 2006 Session

## STATE OF TENNESSEE v. ARTHUR BUFORD

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 02-08547     John P. Colton, Jr., Judge**

---

### No. W2004-00786-SC-R11-CD - March 19, 2007

---

We granted this appeal of the defendant's perjury conviction to determine whether the prosecutor must prove which of the defendant's two inconsistent statements was false. We hold that pursuant to Tennessee Code Annotated section 39-16-707 (1997), the prosecutor was not required to prove which of the two statements made by the defendant was false. Therefore, the State was relieved of any election requirement, and no enhanced unanimity instruction was warranted. We also hold that the evidence was sufficient to support the defendant's perjury conviction and that the trial court properly allowed the defendant's trial counsel to testify.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Reversed; Judgment of the Trial Court Reinstated**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., CORNELIA A. CLARK, J., and D. MICHAEL SWINEY, SP.J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michelle Parks, Assistant District Attorney General, for the appellant, State of Tennessee.

Ross A. Sampson, Memphis, Tennessee, for the appellee, Arthur Buford III.

### OPINION

#### I.  FACTUAL AND PROCEDURAL BACKGROUND

In January 2002, the defendant, Arthur Buford ("Buford"), was tried and convicted of two counts of first degree murder. During the guilt phase of his first degree murder trial, Buford appeared as a witness on his own behalf and acknowledged that he shot and killed both victims in self-defense. At the sentencing hearing held the following month, however, Buford testified that he had lied at trial upon the advice of his trial counsel and that he had not, in fact, killed the victims.

After recanting his trial testimony, Buford received two consecutive life sentences. In November 2002, the grand jury returned an indictment that provided as follows:

> [The defendant] during the period of time between the dates of January 7, 2002 and February 15, 2002 in Shelby County, Tennessee, and before the finding of this indictment, did unlawfully and knowingly make inconsistent material statements, with intent to deceive under oath, in connection with an official proceeding to wit: a trial of [the defendant] in Division 2 of the Criminal Courts of Shelby County, Tennessee, Indictment Numbers 01-04246 and 01-04247, said inconsistent statements pertaining to his involvement in the murders of Cedric Moorings and Tyler Jones between the dates of January 7, 2000 and January 10, 2000, knowing the statements cannot both be true, in violation of T.C.A. 39-16-703, against the peace and dignity of the State of Tennessee.

In September 2003, Buford was tried on the aggravated perjury charge. During the perjury trial, Buford's inconsistent statements from the guilt phase of the first degree murder trial and from the later sentencing hearing were read into evidence. Buford also testified that during the guilt phase of his first degree murder trial his trial counsel had threatened him by suggesting that the only way to help his defense was to claim that he shot both men in self-defense. Buford's trial counsel, however, adamantly denied having advised Buford to commit perjury. Buford admitted that his testimony during the guilt phase of his first degree murder trial was contrary to his testimony at the sentencing hearing and that he had lied under oath. The jury convicted Buford of perjury, and the trial court imposed a sentence of eleven months and twenty-nine days, to be served concurrently with his consecutive life sentences.

Buford appealed the perjury conviction. The Court of Criminal Appeals reversed his conviction, concluding that the trial court erred by not requiring an enhanced unanimity instruction. The intermediate appellate court held that this instruction was required because the indictment charged only one count of aggravated perjury and the prosecutor presented evidence of two statements, either of which could have been false. The Court of Criminal Appeals further held that this error was not harmless because the prosecutor repeatedly informed the jury that it was not required to unanimously determine which statement was false. We granted review.

## II. ANALYSIS

We hold that the prosecutor was not required to allege or prove which of Buford's two inconsistent statements was false. Tennessee Code Annotated section 39-16-707 (1997) provides, in pertinent part:

> Except as provided in § 39-16-704, a charge of perjury or aggravated perjury that alleges the person charged has made two (2) or more

statements under oath, any two (2) of which cannot both be true, need
not allege which statement is false . . . . At trial, the prosecution need
not prove which statement is false.

During the perjury trial, the prosecutor repeatedly argued that it did not matter whether the jury found
that Buford's testimony during the guilt phase of his first degree murder trial was false or that
Buford's testimony during the sentencing hearing was false. The prosecutor did not request an
instruction based upon Tennessee Code Annotated section 39-16-707 during the perjury trial and the
State did not bring this statute to the attention of the Court of Criminal Appeals. Tennessee Code
Annotated section 39-16-707, however, is clearly applicable and is consistent with the State's
position at trial and on appeal. Because Tennessee Code Annotated section 39-16-707 provides that
the prosecution need not allege or prove which statement is false when two contradictory statements
under oath have been made, it relieves the State of any election requirement. For similar reasons,
no enhanced unanimity instruction was warranted, even if Buford had requested such an instruction.
Moreover, even in cases in which the proof indicates more than one offense, Tennessee requires an
election of offenses instead of an enhanced unanimity instruction. State v. Johnson, 53 S.W.3d 628,
635 (Tenn. 2001).

Perjury in this case is defined as the making of "a false statement, under oath" with the intent
to deceive. Tenn. Code Ann. § 39-16-702(a)(1) (1997). During the perjury trial the prosecutor's
closing argument focused upon two distinct statements: 1) during the guilt phase of the first degree
murder trial, Buford stated that he had killed the victims but that he had acted in self-defense; and
2) during the sentencing hearing, Buford stated that he had not killed the victims but that he had lied
at trial about killing them based upon the advice of his trial counsel. The jury agreed that Buford
committed perjury by making "a false statement." In light of Tennessee Code Annotated section
39-16-707, proof that these contradictory statements were made under oath is sufficient to show that
Buford committed perjury.

Buford also argues that the trial court erred in allowing the attorney who represented him at
his murder trial to testify at his perjury trial because the attorney's testimony violated the attorney-
client privilege. This argument is without merit. By statute and common law, Tennessee recognizes
an evidentiary privilege that protects the confidentiality of attorney-client communications.
Tennessee Code Annotated section 23-3-105 (1994) provides:

No attorney, solicitor or counselor shall be permitted, in giving
testimony against a client, or person who consulted the attorney,
solicitor or counselor professionally, to disclose any communication
made to the attorney, solicitor or counselor as such by such person,
during the pendency of the suit, before or afterwards, to the person's
injury.

The parties assume that the attorney's statements to Buford are protected by the attorney-
client privilege. While Tennessee Code Annotated section 23-3-105 protects as privileged

communications "made <u>to</u> the attorney" (emphasis added), under some circumstances communications made by the attorney to the client are also protected by the privilege.  <u>See</u> <u>Bryan v. State</u>, 848 S.W.2d 72, 80 (Tenn. Crim. App. 1992) (explaining that although Tennessee Code Annotated section 23-3-105 does not specifically address communications or advice given by the attorney to the client, the attorney's communications to a client are protected to the extent that they were based upon a client's confidential communication or would otherwise, if disclosed, reveal the nature of a confidential communication).

We conclude that even if the attorney-client privilege applies in this case, the privilege has been waived.  <u>See</u> <u>id.</u>  If a client divulges the communications he seeks to protect, then he has waived the attorney-client privilege with respect to the reported communications and the attorney may testify to its contents.  <u>Id.</u> (citing <u>Cooper v. United States</u>, 5 F.2d 824 (6th Cir. 1925)).  At the sentencing hearing, Buford claimed that he lied during his murder trial about committing the killings because his trial counsel advised him to do so.  Buford therefore voluntarily divulged those communications to third parties.  At the perjury trial, Buford's trial counsel merely testified that he did not advise Buford to perjure himself.  "[A] client may not use his or her version of the events, involving the attorney, as a sword while raising the privilege as a shield to prevent the attorney from being used in responding to the attack."  <u>Id.</u>  We hold, therefore, that the trial court properly allowed Buford's trial counsel to testify and that Buford is not entitled to relief on this basis.

### III.  CONCLUSION

We hold that pursuant to Tennessee Code Annotated section 39-16-707, the prosecutor was not required to prove which of the two statements made by Buford was false.  Therefore, the State was relieved of any election requirement, and no enhanced unanimity instruction was warranted.  We further hold that the evidence is sufficient to support Buford's perjury conviction.  Finally, we also hold that the trial court properly allowed Buford's trial counsel to testify.  Accordingly, we reverse the intermediate appellate court, and we reinstate the trial court's judgment.  It appearing that the defendant, Arthur Buford, is indigent, costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE